THE STATE OF OHIO, APPELLANT, *v.* HENDERSON, APPELLEE.

(No. 78-1158—Decided May 16, 1979.)

*Mr. John T. Corrigan,* prosecuting attorney, and *Mr. Regis E. McGann,* for appellant.

*Mr. Lynn A. Lazzaro* and *Mr. Jonathan H. Soucek,* for appellee.

CELEBREZZE, C. J. Appellant has raised a sole proposition of law that reads as follows: "When a trial judge accepts a plea of guilty of an accused, this operates as a conviction despite the fact that the judge delays sentencing." More specifically, the issue to be resolved on this appeal concerns the intent of the General Assembly in enacting the phrase "previously been convicted of a theft offense" as it is used in R. C. 2913.02(B).

The provisions of that statute indicate the following:

"(A) No person, with purpose to deprive the owner of property or services, shall knowingly obtain or exert control over either:

"(1) Without the consent of the owner or person authorized to give consent;

"(2) Beyond the scope of the express or implied consent of the owner or person authorized to give consent;

"(3) By deception;

"(4) By threat.

"(B) Whoever violates this section is guilty of theft. If the value of the property or services stolen is less than one hundred fifty dollars, violation of this section is petty

theft, a misdemeanor of the first degree. If the value of the property or services stolen is one hundred fifty dollars or more, or if the property stolen is any of the property listed in section 2913.71 of the Revised Code, *or if the offender has previously been convicted of a theft offense, then violation of this section is grand theft, a felony of the fourth degree.*'' (Emphasis added.)

As illustrated by the statutory language, a critical distinction is made between the offenses of grand and petty theft. The more serious offense arises if any of three circumstances is present: (1) the value of the property is over $150, (2) R. C. 2913.71 property is involved or, as in the present appeal, (3) there has been a previous *conviction* for a theft offense.

In *State v. Gordon* (1971), 28 Ohio St. 2d 45, this court addressed the subject of a "second offense" for purposes of enhancing the penalty provided by R. C. 4549.99, to be imposed for a violation of R. C. 4549.04(B)—operating a motor vehicle without the owner's consent. The court concluded that the existence of a prior offense was an "element" of the subsequent crime and that the burden of proof imposed upon the state was the same as that required for any other element of the offense stating, at page 48, as follows:

"We reach the same result here. The defendant faces a possible felony conviction for a second offense, while a first offense is punishable only as a misdemeanor. The state must be put to its proof regarding the identity of the accused in the prior offense and must demonstrate the fact of such prior offense beyond a reasonable doubt. The jury must then find that fact to be established and also convict the defendant of the second violation, in order for the court to impose the greater punishment."

That same reasoning is equally pertinent in the present appeal and we conclude, therefore, that a prior conviction for purposes of R. C. 2913.02(B) is an element of the offense of grand theft and must be demonstrated beyond a reasonable doubt.

Moreover, since a prior conviction is considered an integral element of the crime of grand theft, R. C. 2901.04 (A) requires that its definition "shall be strictly construed against the state, and liberally construed in favor of the accused." With that emphasis on a liberal construction in mind, the question becomes, "How do we define the word 'convicted' for purposes of R. C. 2913.02 (B)?"

Appellant contends that the trial court's finding that a guilty plea had been entered in the earlier case was sufficient to increase the penalty provisions of the statute. Thus, the word "convicted" should be defined as the legal ascertainment of guilt, exhibited in the record before us as the entry of a plea of guilty to the charge of receiving stolen property.

In support of its argument, appellant refers us to *State* v. *Brantley* (1965), 1 Ohio St. 2d 139. In *Brantley,* as in *Gordon, supra,* the court was confronted with a statute which punished an initial violation of its provisions as a misdemeanor and raised the penalty to that of a felony "for each subsequent offense." The issue raised in that appeal, however, was whether a "subsequent offense" under the statute must occur after a conviction for a first offense. The terms "offense" and "conviction" were analyzed and defined, at pages 141-142, in the following manner:

"The ordinary meaning of the word 'offense' is 'the doing that which a penal law forbids to be done or omitting to do what it commands.' On the other hand, a 'conviction' is 'that legal proceeding which ascertains the guilt of the party upon which the sentence or judgment is founded.' Bouvier's Law Dictionary (Baldwin's Century Ed. 1940). In other words, a conviction is a legal ascertainment that an offense has been committed. A conviction is not an essential element of an offense although an offense is always a prerequisite to a conviction.

"Thus, it would be necessary, in order to affirm the judgment of the Court of Appeals, either to give other than their ordinary meaning to the words 'first offense'

in the statute or to add words to the statute which the statute does not contain.

"As stated in *State* v. *Dale* (1900), 110 Iowa 215, 217, 81 N. W. 453, 'the statute does not, in terms, require that the convictions should antedate the offense charged * * *. What reason is there for adding something to the language of the statute?'

"As stated in *State* v. *McCormick* (1928), 104 N. J. Law 288, 140 A. 297:

" 'The "offense" took place when the alleged criminal act was committed irrespective of the time of conviction, or the plea of guilty, so long, at least, as such conviction or plea of guilty took place before the return of the indictment charging a similar offense as a second offense.' "

Although the court in *Brantley, supra*, utilized the restricted definition of conviction, as urged by the appellant herein, it did so for the sole purpose of ascertaining the difference between the words "conviction" and "offense" for purposes of that *particular* statute. There is no indication the court intended that narrow definition to be universally applied throughout the Criminal Code.

The opinion of the court merely stated, for purposes of the statute before it, that a "subsequent offense" need only occur after a prior offense, rather than a prior conviction, to enhance the penalty contained therein. In contrast, R. C. 2913.02(B) does not merely refer to a theft "offense," but further qualifies that term by indicating that a conviction is also required to increase the punishment.

Guided by the mandate of R. C. 2901.04(A) and the fact that a prior conviction is an element of the crime of grand theft, we are convinced the General Assembly intended more than the mere ascertainment of guilt when it referred to one who had been "previously convicted of a theft offense." Prior case law, as well as provisions found in both the Criminal Rules and the new Criminal Code, enacted together with R. C. 2913.02, lead us to the conclusion

that a final judgment of conviction was intended in R. C. 2913.02(B).

For example, in *State* v. *Winters* (1965), 2 Ohio St. 2d 325, dealing with an analogous situation involving the former habitual criminal statute, we determined that a plea of guilty was not synonymous with a conviction. In that appeal, the indictment alleged the defendant had been previously indicted for several crimes and plead guilty to three of those offenses.

However, the court held that the method employed to plead three "convictions," for purposes of the habitual offender statute, was legally insufficient. In its analysis of the defective indictment, at pages 332-333, the court quoted with approval the following language from *State* v *Shank* (1962), 115 Ohio App. 291, 298-99, and referred to out-of-state precedent distinguishing between a "plea" and a "conviction":

"And in *State* v. *Shank* (1962), 115 Ohio App. 291, paragraph two of the syllabus provides, in pertinent part, as follows:

"'An indictment under Section 2961.12, Revised Code, which describes four of the offenses specified in Section 2961.11, Revised Code, and alleges that the defendant pleaded guilty to and was sentenced on all four offenses, is insufficient, and subject to a motion to quash.'

"Judge Bryant, speaking for the court in *Shank, supra*, at pages 298 and 299, reasoned as follows:

"' * * * The most that the indictment says is that Shank pleaded guilty to certain offenses. *That, of course, is one of the steps which may form the basis for a conviction just as a verdict of guilty may be the foundation for a judgment of conviction.* Both may be in proper cases refused or set aside and frequently are. The statute uses the term convictions which is not the same as a guilty plea or a guilty verdict.' [Emphasis added.]

"See, also, *Harvey* v. *Myers*, 110 Ohio App. 469; *Ex parte Briggs*, 86 Ohio App. 215; *Hamilton* v. *Russell*, 54 Ohio Law Abs. 57; *Columbus* v. *Carson*, 23 Ohio App. 299.

"An allegation of a plea of guilty has been held not to be the equivalent of an allegation of a conviction. See *Smith* v. *State* (1918), 75 Fla. 468; *Timmons* v. *State* (1929), 97 Fla. 23; *Shargaa* v. *State* (Fla.), 102 So. 2d 809; *Fowler* v. *State* (1918), 14 Okla. Cr. 316, 170 P. 917; *Wright* v. *State* (1919), 16 Okla. Cr. 458, 184 P. 158; *Schooley* v. *United States* (C. C. A. 8, 1925), 4 F. 2d 767."

In light of the foregoing, we agree with the reasoned conclusion of the Court of Appeals below that if the allegation of a plea of guilty is legally insufficient to charge an offense of which a prior conviction is a requisite element, then the proof of such plea is necessarily insufficient to establish this element of the charged offense.

Turning to the Criminal Code and the Criminal Rules, two provisions become particularly relevant. Since a "prior conviction" is considered an element of the crime of grand theft, R. C. 2945.75(B) specifically directs us to the manner in which that element must be proven to establish its existence. R. C. 2945.75(B) reads:

"Whenever in any case it is necessary to prove a prior conviction, a certified copy of the entry of judgment in such prior conviction together with evidence sufficient to identify the defendant named in the entry as the offender in the case at bar, is sufficient to prove such prior conviction."

Moreover, Crim. R. 32(B) dictates that a plea of guilty is but one step in the process of rendering a final judgment of conviction:

"A judgment of conviction shall set forth the plea, the verdict or findings and sentence. If the defendant is found not guilty or for any other reason is entitled to be discharged, judgment shall be entered accordingly. The judgment shall be signed by the judge and entered by the clerk."

Appellant has pointed out, and we agree, that various other provisions of the Criminal Code employ the term "conviction" in the sense of the legal ascertainment of guilt as opposed to a final judgment. For example, R. C.

178

2947.25(A), which deals with a psychiatric examination before sentencing reads: "After conviction and before sentence, a trial court shall refer for examination all persons convicted of a violation of section 2907.02 or 2907.03 of the Revised Code * * *." R. C. 2949.02 also makes a similar distinction: "When a person has been convicted of any bailable offense * * * and such person gives notice in writing * * * such judge or magistrate may suspend execution of the sentence or judgment * * *." See, also, Crim. R. 46(E); R. C. 2929.02(B).

However, the distinction between conviction and sentencing in these few provisions exists solely for the purpose of depicting various procedures to be followed during the interval after a defendant's guilt is legally adjudicated and before an appropriate penalty or treatment is determined. It is unreasonable to assume that the General Assembly intended an intermediate stage in a criminal proceeding, evidenced by the entry of a plea of guilty, to invoke the enhanced penalty provisions of R. C. 2913.02(B). The statute mandates a more final adjudication of the defendant's guilt, such a requirement being analogous to the general rule that a sentence must be pronounced before the process of appellate review can be instituted. As appellee has pointed out, to require anything less than a final judgment of conviction would be as precarious as permitting an appeal prior to judgment.

Furthermore, the annotation in 5 A. L. R. 2d 1080, 1104, Section 16, indicates that this particular definition of conviction is espoused by the majority of the courts in this country:

"Although there is some authority to the contrary, the weight of authority is to the effect that the word 'conviction' as used in statutes providing for increased punishment for persons formerly convicted of crime necessitates the pronouncement of sentence upon the verdict or plea of guilty in order to obtain a judgment that is final, so far as the trial court is concerned."

See, e. g., United States v. Allen (C. A. 3, 1977); 566 F.

2d 1193; *State* v. *Carlson* (Alaska 1977), 560 P. 2d 26; *People* v. *Lake* (Colo. 1978), 580 P. 2d 788; *Ward* v. *State* (Fla. App. 1976), 332 So. 2d 698; *State* v. *O'Dell* (1950), 71 Idaho 64, 225 P. 2d 1020; *People* v. *Phillips* (1978), 56 Ill. App. 3d 689, 371 N. E. 2d 1214; *State* v. *Robinson* (Iowa 1978), 262 N. W. 2d 270; *Martinez* v. *State* (Tex. Crim. App. 1976), 531 S. W. 2d 343; *State* v. *Mitchell* (1970), 2 Wash. App. 943, 472 P. 2d 629.

In conclusion, where an accused has entered a plea of guilty to a theft offense but has not been sentenced by the court on that charge, such offender has not been previously convicted of a theft offense within the meaning of R. C. 2913.02(B). To constitute a prior conviction for a theft offense, there must be a judgment of conviction as defined in Crim. R. 32(B).

Accordingly, the judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

HERBERT, W. BROWN, P. BROWN, SWEENEY and LOCHER, JJ., concur.

HOLMES, J., dissents.