BARR, Judge:
Appellant was convicted by military judge, sitting as a special court-martial, and upon pleas of guilty, of four periods of-unauthorized absence, in violation of Article 86, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 886. During the sentencing stage of the trial, trial counsel introduced Prosecution Exhibit 7, consisting of four pages, into evidence as proof of a civilian conviction, citing Rule 803(22), Military Rules of Evidence (Mil.R.Evid.), as the basis favoring admissibility. Trial defense counsel objected to the exhibit on three stated grounds: (1) that Prosecution Exhibit 7 was a copy, not an original; (2) that the exhibit was incomplete in that the counsel could not “read many of the places that are to be filled out”; and, (3) that the exhibit contained no evidence that the offenses related therein, and upon which appellant was allegedly convicted, carried a punishment extending to more than one year confinement. From the tenor of the objection stated as to the latter ground, trial defense counsel, by his obvious attempt to except the document from the criteria stated within the Rule, also considered Rule 803(22), Mil.R.Evid., as the proper basis for admissibility — if it met the threshold requirement of conformance with the “in excess of one year” rule expressed therein. The military judge, in overruling each objection, concluded that Prosecution Exhibit 7 was admissible under either Rule 803(22) or 803(24), Mil.R.Evid., the latter being commonly termed the residual hearsay rule. The military judge also stated that, as to the objection based on the document being unreadable, he could “discern appropriate entries including signatures reflecting the accused’s pleas of guilty on the document
Finding it inadequate to completely describe, by words, Prosecution Exhibit 7 as it appears in the original record of trial now before us, we have attached it as Appendix I to this opinion. We will point out that the part contained on page 1 reciting “the within named _ Defendant arraigned, and pleads_guilty to this information” bears absolutely no mark, let alone a legible entry, which would indicate which defendant (Stryker or May) is referenced or what plea was entered to the information. We also point out that pages 3 and 4, which set forth the general conditions of probation, make no reference to appellant, either directly or by implication.
We have before us the original record of trial which was authenticated by the military judge. We must presume that the four pages constituting Prosecution Exhibit 7 contained in this record are the very same pages — not copies of those pages— admitted into evidence by the military judge at trial. His authentication of the record signifies this much. We are, under these circumstances, amazed to read the statement of the military judge that he could “discern” entries reflecting that appellant had entered pleas of guilty to the civilian charges.[1]
*841 The initial error assigned on review asserted that the military judge erred to appellant’s substantial prejudice by admitting Prosecution Exhibit 7 over trial defense counsel’s objections.[2] The thrust of the assignment was that, as appellant’s name does not appear on the pages containing the terms of probation, Prosecution Exhibit 7 was irrelevant at the trial of appellant. The Government, in response, contended that Prosecution Exhibit 7 was admissible under Rule 803(24), Mil.R.Evid., that appellant could have rebutted the veracity of that exhibit at trial had he so chosen, and that trial defense counsel conceded, in argument on sentence, that appellant had been convicted. The Government, in addition, joined with the military judge in concluding that Prosecution Exhibit 7 evidenced guilty pleas having been entered by appellant to the civilian charges. Finally, the Government argued for a finding of waiver under Rule 103(a), Mil.R.Evid., on the ground that the specific basis asserted by appellant on appeal was not addressed to the military judge at trial.
Upon our initial review of the record of trial, this Court ordered briefs to be submitted on three issues, only the latter two of which retain vitality at this stage of review:
II
WHETHER PROSECUTION EXHIBIT 7 CONTAINS SUFFICIENT EVIDENCE OF FINALITY WITHIN THE MEANING OF PARAGRAPH 756(e)(b), MANUAL FOR COURTS-MARTIAL, 1969 (REV.).
III
IF THE ANSWER TO ... II ARGUES AGAINST ADMISSIBILITY, WHETHER THE WAIVER RULE OF RULE 103(a)(1), MILITARY RULES OF EVIDENCE, APPLIES WHERE THE SPECIFIC GROUND OF OBJECTION RELYING ON PARAGRAPH 756(3), MANUAL FOR COURTS-MARTIAL, 1969 (REV.), WAS NOT ASSERTED AT TRIAL.
In response to these specified issues, appellant, relying on the “escape clause” provided by section (d) of Rule 103, contends that admission of Prosecution Exhibit 7 amounted to “plain error” which materially prejudiced a substantial right of appellant. Appellate defense counsel also provided this Court with the pertinent law of Ohio, the locus of the alleged civilian conviction, which holds that “a plea of guilty is but one step in the process of rendering a final judgment of conviction.”[3] Based upon this holding, which the Government concedes to be the applicable law, appellant argues that the event reported by Prosecution Exhibit 7 is not even a conviction, let alone a final one.
Appellate government counsel’s response re-emphasized the salient points of its brief on the initial assignment of error, the basic theme being that, since appellant did not raise an objection based on finality at trial, he is foreclosed by Rule 103(a)(1), Mil.R.Evid., from asserting it now as a basis for relief on review. The Government also argues, as an alternative ground for admissibility, that Prosecution Exhibit 7 was properly admitted as evidence of “other offenses or acts of misconduct” under Paragraph 76a, Manual for Courts-Martial, 1969 (Rev.) (MCM, 1969 (Rev.)). Under this theory, so the Government contends, the requirements set forth in Paragraph 756-(3)(b), MOM, 1969 (Rev.), need not be met.
We approach the issues at bar by first considering whether, under any rule of evidence or provision of law, Prosecution Ex *842 hibit 7 could have been properly admitted at trial into evidence. Our survey of the Manual for Courts-Martial, 1969 (Rev.) reveals the following provisions which deal with prior convictions and/or which the Government argues support admissibility: (1) Paragraph 76a, MCM, 1969 (Rev.); (2) Rule 609, Mil.R.Evid.; (3) Rule 803(8), Mil.R.Evid.; (4) Paragraph 756, MCM, 1969 (Rev.); (5) Rule 803(22), Mil.R.Evid.; and, (6) Rule 803(24), Mil.R.Evid. We shall consider each provision seriatim.
Paragraph 76a, MCM, 1969 (Rev.f.[4] Any reasonable reading of this provision compels the conclusion that the condition precedent to the consideration of “evidence of other offenses or acts of misconduct” during the sentencing phase is that such evidence must already be admitted in evidence as a matter properly introduced during the trial of the case. Paragraph 76a does not establish an independent ground of admissibility for any of the matters listed therein which may provide a “basis for determining” an appropriate sentence. In short, for a matter to be considered on sentencing under Paragraph 76a, it must have been previously admitted pursuant to some other rule of evidence or provision of law.
Rule 609, Mil.R.Evid.: The title of the Rule alone, “Impeachment by Evidence of Conviction of Crime,” renders further discussion of its application unnecessary. Prosecution Exhibit 7 was offered during the Government’s sentencing case-in-chief. It has not been, and cannot be, contended that the exhibit was admitted for the purpose of attacking appellant’s credibility as a witness.
Rule 803(8), Mil.R.Evid.: By its language, this Rule might appear to qualify as a basis for admissibility of Prosecution Exhibit 7:
Public records and reports. Records, reports, statements, or data compilations, in any form, of public office of agencies, setting forth (A) the activities of the office or agency, or (B) matters observed pursuant to duty imposed by law as to which matters there was a duty to report ..., or (C) against the government, factual findings resulting from an investigation made pursuant to authority granted by law, unless the sources of information or other circumstances indicate lack of trustworthiness. Notwithstanding (B), the following are admissible under this paragraph as a record of a fact or event if made by a person within the scope of the person’s official duties and those duties included a duty to know or to ascertain through appropriate and trustworthy chanmnels of information the truth of the fact or event and to record such fact or event: ... records of court-martial convictions____
We are willing to assume that a record of a civilian conviction would be properly included as a “fact or event” within the context of this Rule. We have two difficulties, however, in interpreting this Rule with the broad sweep envisioned by the Government. First, we read the clause “unless the sources of information or other circumstances indicate lack of trustworthiness” as modifying subsections (Á), (B) and (C). This we believe to be in concert with the familial relationship existing between 803(6) and 803(8) and also with the require *843 ment, under all subsections, that the recorder of the fact or event “ascertain through appropriate and trustworthy channels of information the truth of the fact or event...” (Emphasis added). It should require little discussion, once one views Prosecution Exhibit 7, to be convinced that the document in question is replete with circumstances evidencing lack of trustworthiness — appellant’s name is not filled in where the “Defendant” is identified, the nature of the plea is not recorded, and the probation orders apply to a different individual.
Even if these glaring omissions and inconsistencies did not exist, in our opinion Rule 803(8) cannot be used as a basis for admissibility of a civilian (or court-martial) conviction independent of the threshold admissibility requirements set forth in Paragraph 756(3)(a) and (b), MCM, 1969 (Rev.). Subparagraph 6(3)(c) of that paragraph demonstrates that these two provisions (Paragraph 756(3) and Rule 803(8)) must be construed in reference to each other as laws pari materia. For example, a court-martial conviction, properly maintained in accordance with the trustworthiness or duty to know requirements of 803(8), and thus meeting the grounds particularized therein for admissibility, would nevertheless be inadmissible in a subsequent court-martial IF it abridged the 6-year and finality rules of Paragraph 756(3)(a) and (b), respectively. As stated in Paragraph 756-(3)(c), the rules of evidence (in this case, Rule 803(8)) merely provide for the form in which evidence of a conviction meeting the criteria of Paragraph 756(3)(a) and (b) may be proven.
Paragraph 75b(3), MCM, 1969 (Rev.): The pertinent portions of this Manual provision, as it relates to this case, read as follows (subsection 6(3)(b)):
Before a conviction is admissible under this paragraph, all direct review and appeals must be completed---- Before a civilian conviction is admissible under this paragraph, it must be considered a final conviction under the laws of the jurisdiction in which it occurred____
We earlier concluded that the law of the civilian jurisdiction relevant to this case (Ohio) requires more than just a guilty plea to prove a conviction — it requires the findings and sentence to be recorded as well. What more is required to show finality we need not determine — if Prosecution Exhibit 7 does not even evidence a conviction. Under even the best interpretation given it by the military judge, Prosecution Exhibit 7 does no more than indicate that appellant entered pleas of guilty to the civilian charges. Our examination of the exhibit, however, does not even permit us to conclude that much. Thus, regardless of whose powers of discernment and observation are applied, under the law of Ohio, Prosecution Exhibit 7 fails to meet the threshold requirement for admissibility set forth in Paragraph 756(3)(b), MCM, 1969 (Rev.).
Rule 803(22), Mil.R.Evid.: All parties to the trial below, including the military judge, as well as respective appellate counsel, have expressed the opinion that this Rule establishes an independent basis for evidencing a prior conviction, even though not final, for introduction during the Government’s sentencing case, as long as it meets the “felony” criteria specified therein. The Rule provides:
Judgment of previous conviction. Evidence of a final judgment, entered after a trial or upon a plea of guilty (but not upon a plea of nolo contendere), adjudging a person guilty of a crime punishable by death, dishonorable discharge, or imprisonment in excess of one year, to prove any fact essential to sustain the judgment____ The pendency of an appeal may be shown but does not affect admissibility____
There are three prongs to this Rule, each of which must exist in order for the Rule to be applied. First, a conviction is admissible under this Rule once a finding of guilty, whether by plea or as the judgment of the court, has been entered of record. Thus, a *844 finality rule similar to that in Paragraph 75-6(3)(b) does not apply.[5]
Second, the crime for which the judgment of conviction is entered must be punishable as a felony, measured by federal standards — to include a dishonorable discharge as a stated punishment for offenses tried by military courts. The forum which tried the case and the actual punishment adjudged are irrelevant factors in determining admissibility.
Third, the evidence of the final judgment is offered to prove a “fact essential to sustain the judgment.” This appears to be the problematic phrase of the Rule. We do not believe a fair reading of the Rule, together with the legislative history incident to its adoption as both a military and federal rule of evidence, permits the interpretation advanced by the parties to the trial below. The Rule is ostensibly designed as a short-cut method of proving, as a fact in a subsequent case, the identical fact already proven in the prior case, as established by the entry of a finding of guilty, if the proof of that fact was essential for the Government to meet its burden of proof beyond reasonable doubt in obtaining the prior conviction.[6]
The stage of the proceedings in which the application of the Rule becomes most manifest is the trial on the merits. If establishing the “fact”, even though arguably proven at the prior trial because the verdict of guilty might infer that the fact-finder adopted as true each fact advanced by the prosecution, was not essential to sustain the prior judgment, or, to state it a different way, if a conviction could have been obtained even without that fact being proved, then the evidence of the prior conviction would not be admissible to prove the same fact at the subsequent trial even though, as to the latter proceeding, proof of that fact be essential to obtaining a verdict in favor of its proponent.[7] This is so because the judgment of guilt reflects only that those facts implicit in a conviction, the elements of the offense, have been proven beyond reasonable doubt. We do not intimate that the term “fact essential to sustain the judgment” is limited to being defined as an “element” of the crime upon which the judgment of conviction has been entered. It could also be a fact essential to disprove a defense raised to the charge.
It also is clear that the intendment of the Rule was to permit proof of a fact under litigation in a subsequent civil proceeding, by introducing the prior criminal conviction and thereby establishing that a judgment *845 had already been entered that the fact itself had been proven beyond reasonable doubt. Though such use of a prior criminal conviction in a subsequent criminal proceeding is not foreclosed by the Rule, both drafters of, and commentators upon, the Rule, in military and civilian federal jurisdictions, have intimated that confrontation rights, guaranteed by the Sixth Amendment, U.S. Constitution, might be abridged by resort to this hearsay exception.
While we have no need, in this case, to reach or decide the latent constitutional issue, we do observe that all evidence sought to be introduced in a criminal trial which can be defined as hearsay is to some degree incompatible with a defendant’s rights under the confrontation clause. In spite of the seemingly absolute language employed in the statement of the confrontation clause, the exceptions to the hearsay rule are generally permitted to exist as exceptions also to the confrontation clause because the indicia of reliability of the assertions covered by the Rules of Evidence is of the highest order. The test enumerated in Ohio v. Roberts, 448 U.S. 56, 100 S.Ct. 2531, 65 L.Ed.2d 597 (1980), which is to be applied when balancing a hearsay exception against a challenge to its application in a particular case based on confrontation grounds, suggests that reliability can be inferred if the out-of-court assertion sought to be admitted falls within a “firmly rooted hearsay exception.” In the absence of such legal pedigree, it is incumbent upon the proponent of the out-of-court statement to show “particularized guarantees of trustworthiness.” As the exception stated within Rule 803(22) might not unhesitantly be classified as one possessing firm roots within military jurisprudence, recourse to its application when the subsequent proceeding is a criminal trial should be guarded and circumspect.[8]
It is clear that Rule 803(22), Mil.R.Evid., is not, under any circumstance, an appropriate vehicle for obtaining, or upholding, the admissibility of Prosecution Exhibit 7. While we harbor no doubt that the offenses recited within that exhibit qualify as felonies for the purpose of the Rule, we find nothing, beyond blatant conjecture, to suggest that appellant was convicted, either “after a trial or upon a plea of guilty,” and judgment entered. Further, appellant pleaded guilty at the instant court-martial to four specifications of unauthorized absence. Even assuming we could so emasculate the concept of “presumption of regularity” as to presume the presence of the “final judgment” element requisite to admissibility under Rule 803(22), we fail to see where “any fact essential to sustain the judgment” of the civilian criminal proceeding is even remotely relevant to — and thus necessitates admitting the so-called “judgment” as proof of — any issue in the present case.
Rule 803(24), MilR.Evid.: Reliance on this “residual” rule is, we believe, misplaced. We need not inquire whether the three elements of the Rule have been met, for Prosecution Exhibit 7 fails to meet the threshold criterion, that the offered evidence possess “equivalent circumstantial guarantees of trustworthiness” to that of the 23 enumerated exceptions under Rule 803. It would require inventive thinking to imagine a document which fails to a greater degree to evidence even marginal indicia of reliability — glaring omissions in identifying the pleas, findings, or even name of the defendant and a probation sheet purporting to control the post-trial behavior of a different individual.
*846 We would also suggest that where a particular provision of law — Paragraph 75b-(3), MCM, 1969 (Rev.) — enumerates the conditions for admissibility of a prior conviction for sentence aggravation, it is deemed to treat exhaustively of the subject, to be the exclusive procedure for such purpose, and, thus, to preempt the use of Rule 803(24) to obtain the same result by, in effect, circumventing the standards for admissibility established by specific law.
Furthermore, the confrontation clause problems discussed above in the context of Rule 803(22) would seem to permeate, with far greater impact, any consideration of the “barely planted” — certainly not “firmly rooted” — residual exception of Rule 803(24) as a vehicle for obtaining admissibility of documents and/or other assertions possessing the type of infirmity disclosed in this case.
Having concluded that Prosecution Exhibit 7 was inadmissible under every ground proffered or theorized, we must now consider whether the failure of trial defense counsel to articulate the proper and specific basis for objection constitutes a waiver of the issue. We set forth the sections of Rule 103, Mil.R.Evid., relevant to this inquiry:
(a) Effect of erroneous ruling. Error' may not be predicated upon a ruling which admits or excludes evidence unless the ruling materially prejudices a substantial right of a party, and
(1) Objection. In case the ruling is one admitting evidence, a timely objection ... appears of record, stating the specific ground of objection, if the specific ground was not apparent from the context; ...
(d) Plain error. Nothing in this rule precludes taking notice of plain errors that materially prejudice substantial rights although they were not brought to the attention of the military judge.
We are unable to adopt appellant’s argument that the three grounds specified by trial defense counsel were, by their nature, broad enough to include, and thus preserve, the grounds now raised on appeal— failure to evidence a conviction or its finality. We do, however, agree that, in the context of this case, the fact that, rather than standing mute, trial defense counsel, by his objections, succeeded in subjecting the document to the intensive scrutiny of the military judge, suggests that the military judge should have noticed the patent deficiencies with which the exhibit was invested. Even the most cursory of examinations would have revealed that the document evidenced neither plea nor conviction of appellant and that the only part from which such conviction could even be inferred — the conditions of probation — was wholly irrelevant to appellant’s case. Knowledge of Ohio law was not necessary to arrive at this result. Under these circumstances, we find the error in admitting Prosecution Exhibit 7 to be “plain” beyond cavil. In doing so, we concur with the statements of one commentator to the Military Rules of Evidence:
Our suggestion is that Rule 103(d) should be limited to errors that are indeed “plain,” which means that there is no excuse for their occurrence. Such a reading of the Rule would assure that the accused is not unfairly tried because of inadequate or ill-prepared defense counsel. It would also hold the prosecution and the trial court responsible to see that obvious errors are corrected. But it would not permit defense counsel to intentionally conceal non-obvious claims for use on appeal. This reading places the burden on counsel to raise and preserve most claims, but indicates that the responsibility for correcting obvious, or plain, mistakes is shared by all trial participants.[9]
Three facts are clear: the error was patent, not latent; trial defense counsel cannot be charged with attempting to intentionally conceal the infirmities replete within the exhibit; and, there can be “no excuse” for permitting Prosecution Exhibit 7 to be admitted — even if no objection had *847 been raised. The errors of omission, incompleteness, and irrelevancy are palpably patent and egregious. It would be difficult to imagine just what significance Rule 103(d) was intended by the drafters to have if it were not to apply to the conspicuously gross situation witnessed in this case. To not apply the plain error rule under these circumstances would be tantamount to admitting of no exception to the waiver concept stated in Rule 103(a), and, thus, render nugatory not only the “escape clause” of subsection (d) but also Article 59, UCMJ, 10 U.S.C. § 859.
We further are of the opinion that the consideration of Prosecution Exhibit 7 as a felony conviction had more than a probable impact upon the deliberations of the military judge in determining the sentence. Appellant’s right to be sentenced only for the offenses for which he has been convicted, after consideration of proper matter in aggravation, is a substantial right that has, in this case, been materially prejudiced. Though as little as five years ago we would have had little difficulty in concluding that the bad conduct discharge would have been adjudged even absent consideration of the affected document, we cannot at this time, where we witness on review both sentences and pretrial agreements treating unauthorized absences — regardless of their duration or attendant aggravating circumstances — as but minor irritants to discipline, not worthy of anything but the most lenient of punishments, conclude that this military judge would have refused to join this steady march so erosive of discipline in the naval service.
As the error found affects only the sentence, we affirm the findings of guilty and order the sentence set aside. A rehearing on sentence is authorized.
Senior Judge GREGORY and Judge MITCHELL concur.
*848 APPENDIX I

*849

*850

. There, of course, exists the possibility that both Stryker and May were tried in the same judicial circuit and that, in the post-trial processing, the pages containing the general conditions of probation affecting Stryker were inadvertently placed in May’s record of trial, and *841 vice versa. We will not ruminate over this possibility for two reasons: (1) to do so would amount to pure speculation on our part; and, (2) the act of authentication, to have any meaning, must be considered as establishing, without benefit of later contradiction, that the record of trial as it reaches us in fact contains the same exhibits admitted at trial.

. This was styled as the second assigned error. Assignment of Error I we find to be without merit, not warranting further discussion.

. State v. Henderson, 58 Ohio St.2d 171, 389 N.E.2d 494 (1979).

. Paragraph 76a(2), MCM, 1969 (Rev.):
Whether the maximum or a lesser sentence will be imposed should be determined after a consideration of all the facts and circumstances involved in the case, regardless of the stage of the trial at which they were established. Accordingly, the court may consider evidence of other offenses or acts of misconduct which were properly introduced in the case, even if that evidence does not meet the requirements of admissibility in 756(2) and even if it was introduced for a limited purpose before findings.
Appellate government counsel has suggested that Paragraph 76a(2) was not updated to reflect the 1 August 1981 amendments to Paragraph 75, MCM, 1969 (Rev.), and, therefore, the reference to Paragraph 756(2), within the quoted provision should read "756(3).” We have been provided with no evidence which indicates that the contended for scrivener’s error is other than wishful thinking. If it were otherwise, the "error” would have been corrected with the promulgation of Change 6 of 1 September 1982 or Change 7 of 1 October 1982 to the Manual for Courts-Martial.

. It might, by a literal reading of this Rule, be asserted that entry of sentence is not requisite for a conviction to qualify as a "final judgment” within the meaning of Rule 803(22). While this might be true within the civilian court system, it can not, we believe, be maintained within the military system. This is so because the trial court has a statutory duty to set aside a plea of guilty if inconsistent matters are raised at any time during the trial — including the sentence phase.

. An example of the general application of this Rule would be where A is convicted, in a criminal proceeding, of aggravated assault, consummated by battery, upon B. In a subsequent civil suit by B against A to recover for personal injury damages sustained in consequence of the assault and battery, the judgment of the criminal proceeding could be admissible to prove, without recourse to other modes of proof, those facts implicit in a criminal conviction for this offense: identity of the perpetrator, willfulness of the act, lack of consent of the victim, lack of legal justification or excuse, the extent of the injury sustained — to mention a few.

. To continue the aforementioned example, assume that the Government, in the criminal proceeding, has successfully obtained admission of evidence showing (1) the nature and permanency of the injuries sustained, (2) that B was rendered an invalid for life, (3) the extent of pain and suffering to be expected over B’s lifetime, (4) the costs of hospitalization and therapy, (5) that B lost his means of employment, and (6) the economic loss to B during his actual life due to his invalidity. While (1), (2) and, possibly, (3) would arguably be considered facts necessary to prove the aggravated offense charged, clearly (4) through (6) are not. They are not facts “essential to sustain" the criminal conviction. They need not be proven beyond reasonable doubt for a guilty finding to be entered. These latter facts, therefore, must be independently proved at the civil trial. Evidence of the criminal conviction does not implicitly carry with it proof of these facts. The prior criminal judgment, therefore, would not be admissible under 803(22) as proof of facts (4) through (6).

. A possible scenario where Rule 803(22) might be applied to a subsequent criminal proceeding is where A is convicted by court-martial of sleeping on post, in violation of Article 113, UCMJ, 10 U.S.C. § 813. Following the trial, it is discovered that certain Government property is missing from the command over which A was posted as sentry. At the subsequent court-martial, where A is charged with suffering the loss of the Government property (Article 108, UCMJ, 10 U.S.C. § 828), it arguably would be permissible for the Government to introduce the prior conviction to prove that A was in fact asleep at the time of the theft, this being a "fact essential to sustain” the prior judgment of sleeping on post. That fact had already been proven beyond reasonable doubt.

. See S. Saltzburg, L. Schinasi, D. Schlueter, Military Rules of Evidence Manual 19 (1981).