During the early morning hours of October 4, 1995, Dorothy White and her teenage son, David Fitch, awoke when someone knocked on their front door. When David answered, three men rushed through the door into the house. David reached for a baseball bat but was overpowered by defendant, James T. Crawford, who took the bat, knocking David to the floor. Brandishing the bat, defendant threatened Dorothy and David demanding money. Defendant's two accomplices briefly searched the residence, and all three fled, taking $32 in cash and $212 in food stamps.
Defendant was eventually identified and charged with robbery, aggravated robbery, and aggravated burglary. Defendant was subsequently tried before a jury which returned a verdict finding defendant guilty of all three charges. On April 2, 1996, the trial court sentenced defendant to concurrent ten to twenty-five year sentences on the aggravated burglary and aggravated robbery charges. Pursuant to R.C. 2941.25, the court merged the robbery and aggravated robbery counts. Accordingly, no sentence was imposed on the robbery charge.
On December 10, 1996, this court affirmed defendant's sentence and overruled defendant's sole assignment of error challenging the trial court's refusal to give one of defendant's proffered jury instructions. On June 17, 1997, this court granted defendant's motion to reopen his appeal on the basis that defendant had set forth a colorable claim of ineffective assistance of counsel. Defendant's motion was premised upon the "failure" of appellate counsel to argue on defendant's direct appeal that the offenses of aggravated robbery and robbery were allied offenses of similar import. The matter has now been fully briefed and is before the court for decision.
It is well-settled that where the same conduct by a defendant can be construed to constitute two or more allied offenses of similar import, the indictment may contain counts for all such offenses, but the defendant may be convicted of only one. R.C.2941.25. The generally accepted test for determining whether two or more offenses are allied for purposes of the statute was set forth by the Ohio Supreme Court in State v. Blankenship
(1988), 38 Ohio St.3d 116. Therein, the court stated, at 117:
 This court has set forth a two-tiered test to determine whether two crimes with which a defendant is charged are allied offenses of similar import. In the first step, the elements of the two crimes are compared. If the elements of the offenses correspond to such a degree that the commission of one crime will result in the commission of the other, the crimes are allied offenses of similar import and the court must then proceed to the second step. In the second step, the defendant's conduct is reviewed to determine whether the defendant can be convicted of both offenses. If the court finds either that the crimes were committed separately or that there was a separate animus for each crime, the defendant may be convicted of both offenses * * *.
In this case, defendant argues that his appellate counsel's failure to argue the issue of merger rendered counsel's assistance ineffective. We are unable to agree. In its April 2, 1996 sentencing entry, the trial court explicitly merged the counts of robbery and aggravated robbery. As such, although it parenthetically noted that the jury had returned a guilty verdict on all three counts, it found defendant guilty and sentenced defendant on the counts of aggravated robbery and aggravated burglary only. In so doing, the trial court's sentencing entry comports with the general sentencing principle that there has been no conviction until a sentence has been imposed. State v. Henderson (1979), 58 Ohio St.2d 171. See, also, State v. Poindexter (1988), 36 Ohio St.3d 1. Under these circumstances, we are unable to find that defendant's appellate counsel violated any of his essential duties owed to defendant, or that defendant's Sixth Amendment rights were violated. Statev. Lytle (1976), 48 Ohio St.2d 391. Accordingly, defendant's assignment of error is overruled.
For the foregoing reasons, defendant's assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas is hereby affirmed.
Judgment affirmed.
BROWN and TYACK, JJ., concur.