I agree with the majority's analysis of the issues raised under appellant's assignment of error with the exception of its conclusion that appellant was not convicted of drug trafficking until April 9, 1999. This writer notes that the events of the evening of April 8, 1999, triggered appellant's arrest for aggravated menacing which later led to his indictment on June 3, 1999, for having weapons under disability.
The controlling case law in Ohio does not support the statement employed in the majority opinion as to when the conviction in this case occurred, and thus, in my view, is not technically correct as it applies to a situation when a verdict of guilty is confirmed by way of judgment entry which is subsequently journalized involving most criminal violations without the imposition of sentence at that time. The Ohio Supreme Court, in State v. Henderson (1979), 58 Ohio St.2d 171, 178, held that the term conviction includes both the finding of guilt and the imposition of sentence. (Emphasis added.) While agreeing with the majority that a trial court's reference to the time honored tome that "a trial court speaks only through its journal entries" (which under Civil and Criminal Rules would be modified to judgment entries), "conviction" in this case, pursuant to the Henderson rationale, would not have been obtained until appellant was sentenced.
Coextensively, it is conceded that the concept of "conviction" has been qualified since the Supreme Court of Ohio has not applied the Henderson
definition "to every statute in which the term `convicted' appears."State v. Maye (1998), 129 Ohio App.3d 165, 169. This is evident from the following language: "[`convicted'] has been given varying meanings, depending on the context in which the term is used and the General Assembly's intent in using the term." Id. at 169-170.
An excellent example of the court's qualified application of the term "conviction" is found in State ex rel. Watkins v. Fiorenzo (1994),71 Ohio St.3d 259, a case emanating from this district, in which term was equated to a bifurcated conclusion that "conviction" in that case was limited to the finding of guilty alone without the requirement of an executed sentence. The Watkins' court interpreted the language contained in R.C. 2921.41(C)(1), as referring only to a determination of guilt which did not include sentencing upon that determination. Id. at 260. The foregoing statute deals with the permanent disqualification from public office in Ohio for a violation of R.C. 2921.41(A)(1), theft in office. R.C. 2923.13 simply does not contain parallel language that would trigger a bifurcated application of "conviction" in this case. Hence, it is this writer's position here that the Henderson concept applies, which leads to the conclusion that appellant was not convicted until he was sentenced.
It is conceded by this writer that the foregoing analysis would not alter the outcome of this appeal; however, for the reasons stated, I concur in judgment only.