OPINION
{¶ 1} Appellant Larry McMannis appeals a judgment of the Stark County Common Pleas Court convicting him of driving under the influence (R.C. 4511.19)(A)(1)), as a felony of the third degree:
 {¶ 2} "The sentence imposed by the trial court was excessive and contrary to law as the jury did not make a specific finding of an essential element which elevated the level of the offense.
 {¶ 3} "The trial court committed reversible error in its instructions to the jury and the appellant was denied his right to a fair trial as a result of such error."
 {¶ 4} On May 14, 2002, a police officer for the City of Massillon observed a white automobile operated by appellant nearly strike a curb, and fail to stop at a stop sign. When appellant stopped his vehicle in front of his residence, the officer activated his over-head lights and pulled in behind the stopped car. Appellant's car continued to roll backwards, causing the officer to move his car in reverse to avoid a collision. When appellant got out of the car, the officer observed that he nearly fell out of the vehicle.
 {¶ 5} The officer observed that appellant had a strong odor of alcohol about his person, his eyes were glassy and bloodshot, and he was leaning on the car for balance. Appellant refused to perform any field sobriety tests, and refused a breathalyser test.
 {¶ 6} Appellant was indicted for felony DUI by the Stark County Grand Jury. As appellant had four prior DUI convictions in the last six years prior to the indictment, the indictment included a prior DUI felony specification, enhancing the offense to a third-degree felony.
 {¶ 7} The case proceeded to jury trial in the Stark County Common Pleas Court. The court granted appellant's motion in limine, prohibiting the State from introducing evidence of appellant's prior DUI convictions other than the felony conviction listed in the indictment. At the close of the State's case in chief, the State offered three exhibits, including a certified copy of appellant's prior guilty plea to a felony DUI offense, as referenced in the indictment. The exhibit was stipulated to by both parties, and received by the trial court.
 {¶ 8} The jury returned with a verdict of guilty as charged in the indictment. The jury made an additional finding that appellant had previously been convicted of DUI. However, the verdict form including the prior DUI specification did not specifically state that the prior offense was a felony, nor did the specification form indicate that he was convicted of the specification as charged in the indictment. Appellant did not object to the jury instructions, nor did he object to the verdict forms.
 {¶ 9} Appellant was sentenced to the maximum prison term of five years.
 I {¶ 10} Appellant argues in his first assignment of error that the jury failed to return an additional finding in its verdict form on the specification that the prior conviction was a felony. Appellant therefore argues that he can only be sentenced for a misdemeanor DUI conviction.
 {¶ 11} Where the existence of a prior offense is an element of a subsequent crime, the State must prove the prior conviction beyond a reasonable doubt. State v. Henderson (1979), 58 Ohio St.2d 171. A prior DUI conviction elevating the degree of the offense is an element of the offense charged. State v. McCoy (April 15, 2002), Stark Appellate No. 2001CA00125, 2002-Ohio-1855.
 {¶ 12} Pursuant to R.C. 2945.75(A)(2), a guilty verdict shall state either the degree of the offense of which the offender is found guilty, or that such additional element or elements, which elevate the degree of the offense, are present. Otherwise, a guilty verdict constitutes a finding of guilty of the lesser degree of the offense charged.
 {¶ 13} The State admits that the "additional finding" verdict form did not contain the word "felony" or the phrase "as previously charged in the indictment." However, this court has previously held that even if the verdict form does not expressly state the degree of the offense or that the additional element is present, a defendant may be convicted of the greater offense if (1) the verdict form refers to the offense as charged in the indictment, (2) the indictment expressly states the elements for the greater offense, and (3) the court has read the indictment to the jury as part of its instruction. State v. Elkins (March 13, 1995), Stark Appellate No. 94-CA-0204, unreported.
 {¶ 14} The general verdict form, returned by the jury in the instant case, stated that appellant was found guilty of the offense of driving under the influence as charged in the indictment. Throughout the entire case, the evidence was undisputed and agreed upon that appellant's prior conviction was a felony DUI conviction. At the close of the State's case, the State introduced into evidence a certified copy of appellant's prior felony conviction of DUI. This exhibit was stipulated to by the parties. Further, when appellant testified, he admitted that he had pled guilty to a prior felony DUI offense. The trial court instructed the jury that they must find beyond a reasonable doubt that appellant had previously been convicted of felony driving under the influence, specifying the case number as stipulated to by the parties. Tr. 224. While the better practice would have been to have included the word "felony" or "as charged in the indictment" in the additional finding verdict form, based on the fact that the general verdict form included the proper language, the jury was instructed that they must find a prior felony to make the additional finding, and appellant stipulated to a prior felony conviction, the verdict form in the instant case was sufficient to convict appellant of a felony of the third degree.
 {¶ 15} The first assignment of error is overruled.
 II {¶ 16} In his second assignment of error, appellant argues that in defining the prior conviction to the jury, the court failed to properly inform the jury of the level of the offense. Appellant also argues that the court failed to instruct the jury as to the proper consideration of the stipulation during their deliberations.
 {¶ 17} Counsel for appellant failed to object to the instructions as provided to the jury by the court. We therefore must find plain error in order to reverse. E.g. State v. Willard (1990), 49 Ohio St.3d 247,251.
 {¶ 18} In final instructions by the court, the jury was instructed as follows:
 {¶ 19} "You must find beyond a reasonable doubt that on or about the 14th day of May, 2002, and in Stark County, Ohio, the Defendant did operate a vehicle, streetcar or trackless trolley within the State of Ohio while under the influence of alcohol, a drug of abuse or alcohol and a drug of abuse, and that the said Larry Gale McMannis, having been previously convicted of felony driving under the influence; to wit, Case No. 1999-CR-1441 in Stark County Common Pleas Court on or about February 10, 2000." Tr. 224.
 {¶ 20} The trial court properly instructed the jury that they must make a finding that appellant had been previously convicted of a felony driving under the influence offense. The court did not commit plain error in this jury instruction.
 {¶ 21} As to the effect of the stipulation, the court did not instruct the jury concerning how to consider the stipulation in the final instructions. However, in the preliminary instructions to the jury, the court noted that if the attorneys agree to any facts, such agreement, stipulation, or admission of fact will be brought to the jury's attention, and they may then regard such fact as conclusively proved without the necessity of further evidence of such fact. Tr. 101-102. In the instant case, the parties stipulated to the certified copy of the prior conviction. In addition, appellant testified that he had previously been convicted of a felony DUI offense upon a plea of guilty. We cannot find plain error in the court's failure to instruct the jury during final instructions on the effect to be given such stipulation.
 {¶ 22} The second assignment of error is overruled.
 {¶ 23} The judgment of the Stark County Common Pleas Court is affirmed.
By Gwin, P.J., Farmer, J., and Edwards, J., concur.