OPINION
{¶ 1} On May 13, 2005, the Delaware County Grand Jury indicted appellee, Timothy Ansley, on two counts of driving while under the influence of alcohol or drugs in violation of R.C.4511.19(A)(1)(a) and (h). Both counts carried specifications that appellee, within twenty years of the instant offense, previously has been convicted of or has pleaded guilty to five or more violations of R.C. 4511.19 or other equivalent offenses.
 {¶ 2} On June 13, 2005, appellee filed a motion in limine to preclude appellant, the state of Ohio, from proving appellee's prior convictions by any means other than certified judgment entries of conviction. By judgment entry filed July 8, 2005, the trial court granted said motion, stating it "will only accept evidence pursuant to R.C. 2945.75(B) to prove a prior conviction."
 {¶ 3} Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
 I {¶ 4} "THE TRIAL COURT ERRED IN GRANTING DEFENDANT-APPELLEE'S MOTION IN LIMINE BECAUSE PRIOR CONVICTIONS MAY BE PROVED BY MEANS OTHER THAN CERTIFIED JUDGMENT ENTRIES OF CONVICTION."
 I {¶ 5} Appellant claims the trial court erred in granting appellee's motion in limine. Specifically, appellant claims prior convictions may be proved by means other than certified judgment entries of conviction. We agree.
 {¶ 6} In granting appellee's motion in limine, the trial court stated, "[t]his Court will only accept evidence pursuant to R.C. 2945.75(B) to prove a prior conviction." Said section states the following:
 {¶ 7} "Whenever in any case it is necessary to prove a prior conviction, a certified copy of the entry of judgment in such prior conviction together with evidence sufficient to identify the defendant named in the entry as the offender in the case at bar, is sufficient to prove such prior conviction."
 {¶ 8} Appellant argues while R.C. 2945.75(B) allows proof of a prior conviction by certified judgment entry of conviction, "other methods of proof are not prohibited." Appellant's Brief at 8. In support of its argument, appellant cites a case from this court, State v. Brown (November 22, 1993), Richland App. No. 93-CA-15, wherein this court reviewed this statute and stated the following:
 {¶ 9} "Appellant asserts that this statute requires the State to introduce certified copies of his prior theft convictions as necessary to elevate the offenses here to third degree convictions. The State responds that the above-cited statute does not require the State to introduce a certified copy of the judgment of conviction, but only specifies that if the State does choose to do so, that is sufficient evidence.
 {¶ 10} "We agree with the State the above statute does not contain language mandating this State to prove the prior conviction in the matter specified."
 {¶ 11} Appellee argues the Brown case does not apply, and cites the case of State v. Henderson (1979), 58 Ohio St.2d 171. In Henderson, the Supreme Court of Ohio found that the phrase "previously been convicted" for enhancement purposes required a "judgment of conviction." In Henderson, the state sought to enhance a theft offense by using a guilty plea; sentencing and a judgment of conviction had yet to be entered. The pertinent theft statute enhanced the offense "if the offender has previously been convicted of a theft offense." The Henderson court held in order to enhance the theft offense, the state had to prove the prior conviction with a judgment entry of conviction.
 {¶ 12} The enhancement language in the applicable statute sub judice states the following:
 {¶ 13} "Except as otherwise provided in division (G)(1)(e) of this section, an offender who, within six years of the offense, previously has been convicted of or pleaded guilty to three or four violations of division (A) or (B) of this section or other equivalent offenses or an offender who, within twenty years of the offense, previously has been convicted of or pleaded guilty
to five or more violations of that nature is guilty of a felony of the fourth degree." (Emphasis added.) R.C. 4511.19(G)(1)(d).
 {¶ 14} Pursuant to the cited language, there are two ways to enhance a DUI offense: proof of a judgment entry of conviction or proof of a guilty plea "of division (A) or (B) of this section or other equivalent offenses." A judgment entry of conviction is not necessary if there is proof of a guilty plea. The relevance and credibility of that evidence is subject to the trial court's discretion under Evid.R. 104.
 {¶ 15} Upon review, we find the trial court erred in limiting the requisite evidence to a judgment entry of conviction.
 {¶ 16} The sole assignment of error is granted.
 {¶ 17} The judgment of the Court of Common Pleas of Delaware County, Ohio is hereby reversed.
Farmer, J., Wise, P.J. and Hoffman, J. concur.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Delaware County, Ohio is reversed and the matter is remanded to said court for further proceedings consistent with this opinion.