{¶ 9} Crim. R. 32(C) states, "A judgment of conviction shall set forth the plea, the verdict or findings, and the sentence. * * * The judge shall sign the judgment and the clerk shall enter it on the journal.A judgment is effective only when entered on the journal by theclerk." (Emphasis added.)
 {¶ 10} Nowhere in the trial transcript did the trial court say that Walker was guilty of theft. As the majority has pointed out, in its closing the state said that it had proved beyond a reasonable doubt that Walker had taken the money. Immediately after this, Walker's attorney submitted the case, and the trial court then found Walker guilty, but did not specify the name or the code number of the offense for which he had been found guilty.
 {¶ 11} At the hearing on the motion to dismiss, the trial court repeatedly stated that it had erred, that it did not have the authority to dismiss, and that the judgment would be reversed by this court.
 {¶ 12} But what was said during the bench trial is not relevant. What is relevant is what was entered on the journal.
 {¶ 13} The judge's sheet in Walker's case consisted of three pages. On all three, "Theft" and "2313.02 ORCN" were both crossed out. On two of the three pages, "Unauth Use Prop" was written beside the crossed-out lines.
 {¶ 14} To determine what Walker was convicted of, we must look at the journal entry page that includes the sentence.[6] This is the sentencing entry. On it, the *Page 6 
section violation level for theft, M1F5, and the word theft all have clear lines drawn through them. And in what appears to be the judge's handwriting is "Unauth Use Prop" and "M4." At that point, the theft charge ceased to exist — it had been clearly crossed out and replaced.
 {¶ 15} Crim. R. 32(C) tells us that a judgment is only effective when it is entered on the journal. This page was signed by the judge. And neither Walker nor anyone else broke into the original court filings and changed this judge's sheet after the clerk had entered it on the journal. Thus, when it became effective, the sentencing sheet stated that Walker was being sentenced for unauthorized use of property, and not theft.
 {¶ 16} The majority relies on State v. Reidel, [7] but in that opinion it is difficult to tell exactly which sheet the court was referring to. But to the extent that my dissent is inconsistent withReidel, Reidel should be overruled.
[6] State. v. Henderson (1979), 58 Ohio St.2d 171, 389 N.E.2d 494, paragraphs one and two of the syllabus.
[7] (Apr. 6, 2001), 1st Dist. No. C-000447. *Page 1