[Cite as *In re Code*, 2010-Ohio-6714.]



# Court of Claims of Ohio
## Victims of Crime Division

The Ohio Judicial Center
65 South Front Street, Fourth Floor
Columbus, OH 43215
614.387.9860 or 1.800.824.8263
www.cco.state.oh.us

IN RE: EDWARD L. CODE

EDWARD L. CODE

       Applicant

Case No. V2010-50329

Commissioners:
Elizabeth Luper Schuster, Presiding
Randi M. Ostry
Lloyd Pierre-Louis

ORDER OF A THREE-COMMISSIONER PANEL

_____

{1}On September 17, 2009, the applicant filed a compensation application as the result of an assault which occurred on July 10, 2009. On December 10, 2009, the Attorney General issued a finding of fact and decision denying the applicant's claim for an award of reparations pursuant to R.C. 2743.60(E)(1)(a), based on a conviction for manslaughter, a felony of the first degree, on August 14, 2006. On January 11, 2010, the applicant submitted a request for reconsideration. The applicant asserts he was convicted of manslaughter on April 28, 1998, which is more than ten years prior to the occurrence of the criminally injurious conduct. On March 12, 2010, the Attorney General rendered a Final Decision finding no reason to modify the initial decision. The Attorney General's investigation revealed the initial sentence imposed in 1998 was vacated and the applicant was subsequently convicted of voluntary manslaughter on August 14, 2006. On April 7, 2010, the applicant filed a notice of appeal from the March 12, 2010 Final Decision of the Attorney General. Hence, a hearing was held before this panel of commissioners on June 16, 2010 at 11:00 A.M.

{2}Assistant Attorney General Matthew Karam appeared on behalf of the state of Ohio.   The applicant did not attend the hearing.

{3}The Attorney General made a brief statement for the consideration of the panel.   The issue in this case concerns the application of R.C. 2743.60(E)(1)(a), the felony exclusion.   On May 12, 1998, the applicant was convicted of voluntary manslaughter.   Due to the holding in *State v. Jordan,* Cuyahoga App. No. 80675, 2002-Ohio-4587, the trial court must inform a defendant that post-release control is part of his sentence either at sentencing or at the time of the plea hearing; to not do so results in prejudicial error.   The procedure enunciated in *Jordan* was not followed in the applicant's criminal case. Accordingly, the applicant was re-sentenced on August 14, 2006.   Based upon prior case law, the date of the sentence is the date which trigger the 10-year period for the felony exclusion pursuant to R.C. 2743.60(E).   Therefore, the August 14, 2006 date is the controlling date for the purposes of the felony exclusion. The Attorney General cited *State v. Carter* (1992), 64 Ohio St. 3d 218, for the proposition that a judgment of conviction does not exist until sentence is imposed. Accordingly, the Attorney General's March 12, 2010 decision should be affirmed. Whereupon, the hearing was concluded.

{4}R.C. 2743.60(E)(1)(a) states:

"(E) (1) Except as otherwise provided in division (E)(2) of this section, the attorney general, a panel of commissioners, or a judge of the court of claims shall not make an award to a claimant if any of the following applies:

"(a) The victim was convicted of a felony within ten years prior to the criminally injurious conduct that gave rise to the claim or is convicted of a felony during the pendency of the claim."

{5}A person is not convicted of a criminal offense until a sentence is imposed. *State v. Carter, supra.*   See also, *State v. Henderson* (1979), 58 Ohio St. 2d 171; *State v. Poindexter* (1988), 36 Ohio St. 3d 1.

{6}Upon review of the case file and with full and careful consideration given to the argument presented at the hearing, we find the applicant's claim should be denied pursuant to R.C. 2743.60(E)(1)(a). The facts of this case reveal that the applicant's initial conviction in 1998 was vacated and the applicant was re-sentenced on August 14, 2006. Pursuant to the holding in *Carter*, the sentencing date establishes the date of conviction. Therefore, since the applicant was sentenced on August 14, 2006, for the purposes of R.C. 2743.60(E)(1)(a), that is the date which must be used to calculate the ten-year period. Accordingly, the Attorney General's decision of March 12, 2010 is affirmed.

IT IS THEREFORE ORDERED THAT

{7}1)   The March 12, 2010 decision of the Attorney General is AFFIRMED;

{8}2)   This claim is DENIED and judgment is rendered for the state of Ohio;

{9}3)   Costs are assumed by the court of claims victims of crime fund.

 

_____
ELIZABETH LUPER SCHUSTER
Presiding Commissioner

 

_____
RANDI M. OSTRY
Commissioner

 

_____
LLOYD PIERRE-LOUIS
Commissioner

ID #I:\Victim Decisions to SC Reporter\Panel Decisions\2010\Jan - Aug 2010\V2010-50329.wpd\DRB-tad

A copy of the foregoing was personally served upon the Attorney General and sent by regular mail to Cuyahoga County Prosecuting Attorney and to:

Filed 8-27-10
Jr. Vol. 2276, Pgs. 92-95
Sent to S.C. Reporter 10-6-11