## In re FORFEITURE OF ONE 1986 BUICK SOMERSET AUTOMOBILE; Schindler, Appellant.

[Cite as *In re Forfeiture of One 1986 Buick Somerset Auto.* (1993), 91 Ohio App.3d 558.]

Court of Appeals of Ohio,
Auglaize County.

No. 2–93–6.

Decided Nov. 12, 1993.

*John R. Willamowski,* for appellant.

*Mark Spees,* Auglaize County Prosecuting Attorney, and *Edwin A. Pierce,* Assistant Prosecuting Attorney, for appellee.

SHAW, Judge.

Appellant, Darold E. Schindler, appeals the judgment entered against him in the Auglaize County Common Pleas Court in this personal property forfeiture action.

In 1982, appellant was convicted of an offense involving the illegal possession, use, sale, administration, distribution or trafficking in a drug of abuse. Appellant thereby incurred a disability under which appellant was prohibited from knowingly acquiring, having, carrying, or using any firearm. See R.C. 2923.13.

On June 22, 1992, appellant, while driving his 1986 Buick automobile, was stopped by an officer of the Wapakoneta Police Department. Following a warrantless search conducted with appellant's consent, the police officer located a firearm in the trunk of the car. Appellant was thereafter charged with possessing a weapon while under disability, in violation of R.C. 2923.13(A)(3). Appellant initially pled not guilty.

On June 23, 1992, a petition to forfeit appellant's automobile, pursuant to R.C. 2933.43, was filed by the Auglaize County Prosecuting Attorney, on behalf of the Wapakoneta Police Department. On December 17, 1992, appellant withdrew his plea of not guilty to the criminal charge, entered a plea of guilty, and was found guilty by the trial court of possessing a weapon while under disability. On January 21, 1993, appellant was sentenced.

On March 5, 1993, a hearing was held on the petition to forfeit the automobile. On March 9, 1993, the trial court issued its journal entry in the forfeiture action, finding that appellant, at the time of the seizure of the automobile, was in possession of the automobile and that the automobile was used for the purpose of committing a felony. The trial court further found that the vehicle was used in violation of R.C. 2933.42(A). The trial court therefore granted the petition and ordered that appellant's automobile be forfeited to the city of Wapakoneta, pursuant to R.C. 2933.43(C).

Appellant thereafter filed the instant appeal, raising the following four assignments of error:

"I. The trial court erred in failing to grant appellant's motion to dismiss made at the commencement of trial in that the trial was held beyond the mandatory forty-five (45) day limit required by Ohio Revised Code Section 2933.43(C).

"II. The trial court erred in denying appellant his due process of law.

"III. The trial court erred in concluding that the subject automobile was contraband as defined by Ohio Revised Code Section 2933.42.

"IV. If the trial court did not err in concluding that the subject automobile was contraband as defined by Ohio Revised Code Section 2933.42, then Ohio Revised Code Section 2933.42, as applied herein, violates the appellant's constitutional rights."

In his first assignment of error, appellant asserts that the hearing on appellee's forfeiture petition was not held within the statutory time limit.

R.C. 2933.43(C) provides, in relevant part:

"If the property seized was determined by the seizing law enforcement officer to be contraband because of its relationship to an underlying criminal offense or administrative violation, no forfeiture hearing shall be held under this section

unless the person pleads guilty to or is convicted of the commission of, or an attempt or conspiracy to commit, the offense or a different offense arising out of the same facts and circumstances or unless the person admits or is adjudicated to have committed the administrative violation or a different violation arising out of the same facts and circumstances[.]"

The same statutory section then provides:

"[A] forfeiture hearing shall be held in such a case no later than forty-five days after the conviction or the admission or adjudication of the violation, unless the time for the hearing is extended by the court for good cause shown."

In this case, appellant entered his guilty plea to the underlying offense on December 17, 1992 and was found guilty by the trial court on that same date. Appellant was not sentenced until January 21, 1993. Appellant argues that the forty-five-day time limit began running on December 17, 1992, concluding that the March 5, 1993 forfeiture hearing was not held within the permissible time period. Appellee, on the other hand, asserts that the time limit did not begin running until January 21, 1993, when defendant was sentenced. There is nothing in the record to explain the delay in this case, or to serve as a basis for a "good cause" extension as provided for by the statute.

Accordingly, the issue presented for our consideration is whether, under the statute, "conviction" occurs at the time a defendant is found guilty of the offense charged, or whether "conviction" does not occur until a defendant has also been sentenced.

In support of the proposition that a defendant is not convicted until sentencing has occurred, we note that Crim.R. 32(B) provides that "[a] judgment of conviction shall set forth the plea, the verdict or findings, and the sentence."

Furthermore, in *State v. Henderson* (1979), 58 Ohio St.2d 171, 12 O.O.3d 177, 389 N.E.2d 494, the Supreme Court held that "[w]here an accused has entered a plea of guilty to a theft offense but has not been sentenced by the court on that charge, such offender has not been previously convicted of a theft offense within the meaning of R.C. 2913.02(B)" and that "[t]o constitute a prior conviction for a theft offense, there must be a judgment of conviction, as defined in Crim.R. 32(B)". *Id.* at paragraphs one and two of the syllabus. Also, in *State v. Poindexter* (1988), 36 Ohio St.3d 1, 520 N.E.2d 568, in response to the appellant's claim that he had been twice convicted for killing one person, the Supreme Court reiterated that "conviction" includes both the guilt determination and the penalty imposition. *Id.* at 5, 520 N.E.2d at 572.

On the other hand, various provisions of the Criminal Rules and the Revised Code use the term "conviction" in reference to the legal determination of guilt, as opposed to the complete final judgment including the sentence. Crim.R. 46(E)

refers to "a person who has been convicted and is * * * awaiting sentence." R.C. 2929.02(B) provides that "[w]hoever is convicted of * * * murder in violation of section 2903.02 of the Revised Code shall be imprisoned for an indefinite term of fifteen years to life." In addition, R.C. 2929.11 (penalties for felony), 2929.21 (penalties for misdemeanor), 2929.71 (firearm offenses) and 2929.72 (additional incarceration for automatic firearm offenses) all make a similar distinction between conviction and sentencing. Also, R.C. 2949.08(A) provides that "[w]hen a person convicted of a misdemeanor is sentenced to imprisonment" and R.C. 2949.12 speaks of designating "each section of the Revised Code that the felon violated and that resulted in his conviction and sentence" and of specifying "the total number of days, if any, that the felon was confined, for any reason, prior to conviction and sentence."

Furthermore, despite the determination made in *Henderson,* supra, the Supreme Court, in *State v. Cash* (1988), 40 Ohio St.3d 116, 532 N.E.2d 111, held that, for purposes of Evid.R. 609(A), which governs the admissibility of a witness's prior convictions, a person has been "convicted" where a person has admitted guilt but is still awaiting sentencing.

Moreover, in *State v. Casalicchio* (1991), 58 Ohio St.3d 178, 569 N.E.2d 916, the Supreme Court reviewed the contraband forfeiture statutes which are at issue here. In that case, the defendant pled no contest to the underlying criminal charges and was found guilty on October 22, 1987, the entry finding the defendant guilty was filed on October 29, 1987, and the defendant was sentenced on November 20, 1987. Although the issue of what constitutes a "conviction" under the statute was not specifically before the court in that case, Justice Douglas notes in his concurring opinion that "[t]he defendant here was *convicted* on October 29, 1987." (Emphasis *sic.*) *Id.* at 183, 569 N.E.2d at 922. Furthermore, in her concurring and dissenting opinion in the same case, Justice Resnick notes that the forfeiture petition filed on November 23, 1987 was filed "thirty-two days after conviction and three days after sentencing." *Id.* at 188, 569 N.E.2d at 926.

Finally, an analysis of the language of the forfeiture statute also supports the proposition that "conviction" occurs at the time guilt is legally ascertained, and not at the point sentence is imposed. First of all, the statute provides that no forfeiture hearing may be held "unless the person pleads guilty to or is convicted of the commission of * * * the offense." R.C. 2933.43(C). Thus, the statutory language appears to equate a defendant's pleading guilty with a defendant's being convicted, with either serving as the triggering event for the forfeiture hearing time limit. Second, the R.C. 2933.43(C) language applicable to cases involving administrative violations provides that a forfeiture hearing may not be held "unless the person admits or is adjudicated to have committed the administrative

violation." To the extent that an administrative proceeding can be compared with a criminal case, an "adjudication of commission" in the administrative context seems more analogous to the determination of guilt in the criminal context, as opposed to the sentencing phase.

Upon careful consideration of all of the foregoing factors, we conclude that, for purposes of R.C. 2933.43(C), "conviction" occurs at the time a defendant is found guilty of the offense charged. Accordingly, appellant's first assignment of error is sustained.

In his second assignment of error, appellant asserts that his due process rights were violated because the trial court denied appellant's request to be present at the forfeiture hearing. On March 2, 1993, appellant, who was incarcerated at Orient, Ohio, filed a motion requesting that he be permitted to attend the forfeiture hearing. On March 5, 1993, at the forfeiture hearing, appellant's motion was overruled by the trial court. Although appellant's counsel was present, the hearing was held in appellant's absence.

In *State v. Casalicchio, supra,* the Supreme Court held that "where property is ruled contraband pursuant to R.C. 2933.42(B), forfeiture of that property pursuant to R.C. 2933.43 constitutes a separate criminal penalty in addition to the penalty the defendant faces for conviction of the underlying felony." *Id.* at syllabus.

Crim.R. 43(A) provides, in relevant part:

"The defendant shall be present at the arraignment and every stage of the trial, including the impaneling of the jury, the return of the verdict, and the imposition of sentence * * *."

Crim.R. 1 provides, in relevant part:

"(A) These rules prescribe the procedure to be followed in all courts of this state in the exercise of criminal jurisdiction, with the exceptions stated in subdivision (C) of this rule.

" * * *

"(C) These rules, to the extent that specific procedure is provided by other rules of the supreme court or to the extent that they would by their nature be clearly inapplicable, shall not apply to procedure * * * (6) upon forfeiture of property for violation of a statute of this state * * *."

As there are no other rules governing a defendant's right to be present in court at such proceedings and as Crim.R. 43 is not "clearly inapplicable," we conclude that Crim.R. 43 does apply to forfeiture proceedings such as the instant one.

In light of the unequivocal holding of the Supreme Court in *Casalicchio, supra,* that forfeiture of property pursuant to R.C. 2933.43 constitutes a criminal

penalty, and considering the Crim.R. 43 requirement that a defendant be present for the imposition of sentence, we are compelled to conclude that appellant had the right to attend the forfeiture hearing and that the trial court in this case should have granted appellant's motion to be present. Appellant's second assignment of error is sustained.

In his third assignment of error, appellant asserts that the trial court erred in finding that the 1986 Buick automobile was contraband, as defined by the Ohio Revised Code.

R.C. 2901.01(M)(8) defines "contraband" as "[a]ny personal property that has been, is being, or is intended to be used in an attempt or conspiracy to commit, or in the commission of, any offense or in the transportation of the fruits of any offense."

In this case, appellant's car was being used in the commission of the offense of possessing a weapon while under disability, a violation of R.C. 2923.13(A)(3). Accordingly, the car qualifies as "contraband" pursuant to R.C. 2901.01(M)(8).

Moreover, R.C. 2933.42 provides, in relevant part:

"(A) No person shall possess, conceal, transport, receive, purchase, sell, lease, rent, or otherwise transfer any contraband.

"(B) For purposes of section 2933.43 of the Revised Code, if a * * * motor vehicle * * * is used in a violation of division (A) of this section, the * * * motor vehicle * * * is contraband and, if the underlying offense involved in the violation of division (A) of this section is a felony, is subject to seizure and forfeiture pursuant to section 2933.43 of the Revised Code. It is rebuttably presumed that a * * * motor vehicle * * * in or on which contraband is found at the time of seizure has been, is being, or is intended to be used in a violation of division (A) of this section."

In this case, as appellant was under disability and prohibited from possessing firearms, the firearm found in the trunk of appellant's car was contraband, pursuant to R.C. 2901.01(M)(2), which defines "contraband" as "property that is not in and of itself unlawful for a person to acquire or possess, but that has been determined by a court of this state, in accordance with law, to be contraband because of its use in an unlawful activity or manner, of its nature, or of the circumstances of the person who acquires or possesses it." As such, appellant's possession of that firearm was a violation of R.C. 2933.42(A) and, as the car was used in that violation of R.C. 2933.42(A), the car qualifies as contraband pursuant to R.C. 2933.42(B). Appellant's third assignment of error is overruled.

In his fourth assignment of error, appellant asserts that R.C. 2933.42 is unconstitutional, as applied to appellant. Specifically, appellant asserts that his

car does not bear a substantial enough relationship to the underlying crime for which he was convicted.

As discussed above, appellant's car qualifies as contraband due to its use in the commission of the crime of possession of a weapon while under disability. Such utilization of the automobile constitutes a constitutionally sufficient nexus between the underlying crime and the property which was forfeited. See *Casalicchio, supra*, 58 Ohio St.3d at 179–180, 569 N.E.2d at 918–919. Appellant's fourth assignment of error is overruled.

In summary, while appellant's third and fourth assignments of error are overruled, appellant's first and second assignments of error are sustained. The failure to allow appellant to be present at the hearing would normally require only a vacation of the judgment and remand of the case for a new forfeiture hearing. However, as the forty-five-day time limit of R.C. 2933.43(C) is clearly mandatory and as the record contains no indication of good cause for the delay of some thirty-three days beyond the time limit in this case, we conclude that the judgment of forfeiture must be reversed and the case remanded for the entry of judgment consistent with this conclusion.

*Judgment reversed*
*and cause remanded.*

EVANS, P.J., and HADLEY, J., concur.