The STATE of Ohio, Appellee,

v.

MAYE, Appellant.█

[Cite as *State v. Maye* (1998), 129 Ohio App.3d 165.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 97APA11–1529.

Decided Sept. 22, 1998.

*Ron O'Brien,* Franklin County Prosecuting Attorney, and *Steven L. Taylor,* Assistant Prosecuting Attorney, for appellee.

*Judith Stevenson,* Franklin County Public Defender, and *David L. Strait,* Assistant Public Defender, for appellant.

---

PETREE, Judge.

This matter is before this court upon appeal of defendant, Gary L. Maye, from a determination of the Franklin County Court of Common Pleas finding him to be a sexual predator subject to the registration and notification provisions of R.C. Chapter 2950.

Defendant, an inmate currently incarcerated at the Ross Correctional Institution, was incarcerated in April 1980 after pleading guilty to burglary. He was paroled in October 1982. In May 1983, he was indicted on one count of rape and one count of kidnapping, but was acquitted of both charges. In May 1984, he was returned to prison for a parole violation. He was again paroled in 1985.

In March 1987, defendant was indicted on two counts of kidnapping relating to an incident that occurred in November 1986. Both counts charged defendant with kidnapping "for the purpose of engaging in sexual activity." A jury ultimately found defendant not guilty of the first count of kidnapping, but instead guilty of the lesser included offense of abduction. The jury also found defendant guilty of the second kidnapping count. By entry dated August 7, 1987, the court merged the abduction and kidnapping counts and sentenced defendant to eight to ten years on the abduction count.

Defendant remained incarcerated on January 1, 1997, the date certain relevant portions of R.C. 2950.01 *et seq.* became effective. The Ohio Department of Rehabilitation and Correction ("ODRC") recommended that defendant be adjudicated as a sexual predator. Upon ODRC's notification, the trial court scheduled a hearing to determine whether defendant is a sexual predator as defined in R.C. 2950.01(E) and 2950.09(B)(2). The trial court held a hearing on October 20, 1997, took evidence, and heard testimony from witnesses. By entry dated October 20, 1997, the trial court found defendant to be a sexual predator.

Defendant has timely appealed and advances the following four assignments of error:

"[I]. The trial court erred in adjudicating Appellant to be a 'sexual predator' when the record contains no evidence that Appellant has been convicted of a 'sexually oriented offense' as defined by R.C. 2950.01(D).

"[II]. The trial court erred in applying R.C. 2950.09(B) because the statute, as applied to those convicted of offenses committed before its effective date of January 1, 1997, but sentenced after January 1st, violates the ban on retroactive laws set forth in Section 28, Article II of the Ohio Constitution.

168

"[III]. The trial court erred in applying R.C. 2950.09(B) because the statute, as applied to those convicted of offenses committed before its effective date of January 1, 1997, but sentenced after January 1st, violates the ban on *ex post facto* lawmaking by the states set forth in Article I, Section 10 of the United States Constitution.

"[IV]. The trial court's decision finding Appellant to be a 'sexual predator' as defined by 2950.01(E) is contrary to the weight of the evidence."

■ By his first assignment of error, defendant contends that the trial court erred in finding him to be a sexual predator because the record contains no evidence that he has been "convicted" of a sexually oriented offense.

R.C. 2950.01(E) defines a "sexual predator" as follows:

"[A] person who has been *convicted of or pleaded guilty to committing a sexually oriented offense* and is likely to engage in the future in one or more sexually oriented offenses." (Emphasis added.)

R.C. 2950.01(D) defines a "sexually oriented offense" as follows:

" 'Sexually oriented offense' means any of the following offenses:

"(1) Regardless of the age of the victim of the offense, a violation of section 2907.02 [rape], 2907.03 [sexual battery], 2907.05 [gross sexual imposition] or 2907.12 [formerly felonious sexual penetration; repealed effective September 3, 1996] of the Revised Code;

"(2) Any of the following offenses involving a minor, in circumstances specified:

"(a) A violation of section 2905.01 [kidnapping], 2905.02 [abduction], 2905.03 [unlawful restraint], 2905.04 [child stealing; repealed effective July 1, 1996], 2905.05 [criminal child enticement], or 2907.04 [corruption of a minor] of the Revised Code when the victim of the offense is under eighteen years of age;

"(b) A violation of section 2907.21 [compelling prostitution] of the Revised Code when the person who is compelled * * * is under eighteen years of age;

"(c) A violation of division (A)(1) or (3) of section 2907.331 [pandering obscenity involving a minor] or 2907.322 [pandering sexually oriented matter involving a minor] of the Revised Code:

"(d) A violation of (A)(1) or (2) of section 2907.323 [illegal use of minor in nudity-oriented material or performance] of the Revised Code;

"(e) A violation of division (B)(5) of section 2919.22 [endangering children] of the Revised Code when the child who is involved in the offense is under eighteen years of age.

"(3) *Regardless of the age of the victim of the offense,* a violation of section 2903.01 [aggravated murder], 2903.02 [murder], 2903.11 [felonious assault], or

*2905.01 [kidnapping]* of the Revised Code, or of division (A) of section 2903.04 [involuntary manslaughter] of the Revised Code, *that is committed with a purpose to gratify the sexual needs or desires of the offender;*

"(4) A sexually violent offense;

"(5) A violation of any former law of this state that was substantially equivalent to any offense listed in division (D)(1), (2), (3), or (4) of this section;

"(6) A violation of an existing or former municipal ordinance or law of another state or the United States * * * that is or was substantially equivalent to any offense listed in division (D)(1), (2), (3), or (4) of this section;

"(7) An attempt to commit, conspiracy to commit, or complicity in committing any offense listed in division (D)(1), (2), (3), (4), (5), or (6) of this section." (Emphasis added.)

Defendant asserts that the word "convicted," as used in R.C. 2950.01(E), should be interpreted to have the same meaning as "judgment of conviction," as defined in Crim.R. 32(C), which reads, "[a] judgment of conviction shall set forth the plea, the verdict or findings, and the sentence." Defendant also relies heavily on *State v. Henderson* (1979), 58 Ohio St.2d 171, 12 O.O.3d 177, 389 N.E.2d 494, wherein the Ohio Supreme Court held that the term "conviction" includes both the finding of guilt and the imposition of sentence. Applying these definitions, defendant contends that, although a jury found defendant guilty of kidnapping for the purpose of engaging in sexual activity (a "sexually oriented offense" pursuant to R.C. 2950.01[D][3] ), he was never "convicted" of kidnapping because the trial court elected to merge the abduction and kidnapping offenses and sentence him only on the abduction offense. The state contends that for purposes of R.C. 2950.01(E), the term "convicted" should be interpreted broadly to mean "any legal ascertainment of guilt."

█ Thus, the dispositive issue to be determined in this assignment of error is the meaning intended by the General Assembly by its use of the term "convicted" in R.C. 2950.01(E). This court recognizes that normally the term "convicted" includes both the finding of guilt and the sentence imposed. In *Henderson, supra,* the Supreme Court of Ohio held that "[w]here an accused has entered a plea of guilty to a theft offense but has not been sentenced by the court on that charge, such offender has not been previously convicted of a theft offense within the meaning of R.C. 2913.02(B)," and that "[t]o constitute a prior conviction for a theft offense, there must be a judgment of conviction, as defined in Crim.R. 32(B) [now (C)] for the prior offense." *Id.* at syllabus.

However, the Supreme Court of Ohio has not applied the restricted definition set forth in Crim.R. 32(C) and utilized in *Henderson* to every statute in which the term "convicted" appears. The term has been given varying meanings, depend-

ing on the context in which the term is used and the General Assembly's intent in using the term. In *State v. Brantley* (1965), 1 Ohio St.2d 139, 141, 30 O.O.2d 489, 490, 205 N.E.2d 391, 393, the term "conviction" was held to mean the "legal ascertainment that an offense has been committed." In *State ex rel. Watkins v. Fiorenzo* (1994), 71 Ohio St.3d 259, 643 N.E.2d 521, a public official was found guilty after trial of, *inter alia*, theft in office in violation of R.C. 2921.41(A)(1). Prior to sentencing, the county prosecutor sought a writ of *quo warranto* ousting the public official from office pursuant to R.C. 2921.41(C)(1), which reads, "[a] public official * * * who is convicted of or pleads guilty to, theft in office [R.C. 2921.41(A) ] is forever disqualified from holding any public office, employment, or position of trust in this state." The public official, while conceding that he had been found guilty of theft in office, argued that the prosecutor's action was premature because he had yet to be sentenced for the offense. The prosecutor maintained that R.C. 2941.01(C)(1) required only a finding of guilt and not a concomitant sentence in order to invoke the permanent disqualification sanction. The court, after noting the general rule set forth in *Henderson, supra*, that conviction includes both a finding of guilt and imposition of sentence, held that the term "convicted" as used in R.C. 2921.41(C)(1) referred only to a determination of guilt and did not include the imposition of sentence. The court explained:

"However, the language of R.C. 2921.41(C)(1) specifies permanent disqualification from, *inter alia*, any public office in this state if the public official is either 'convicted of or *pleads guilty to*, theft in office.' Unlike in R.C. 2913.02(B), the General Assembly placed 'convicted' on equal footing with a guilty plea in R.C. 2921.41(C)(1).

"Thus, the plain language of R.C. 2921.41(C)(1) requires only a plea of guilty to invoke the sanction of permanent disqualification. Therefore, we believe the word 'convicted' as used in R.C. 2921.41(C)(1) logically refers only to a determination of guilt and does not include sentencing upon that determination." *Watkins*, at 260, 643 N.E.2d at 522.

The *Watkins* court noted a similar conclusion reached by the Auglaize County Court of Appeals in *In re Forfeiture of One 1986 Buick Somerset Auto.* (1993), 91 Ohio App.3d 558, 632 N.E.2d 1351, in construing the phrase "pleads guilty to or is convicted" in R.C. 2933.43(C). After noting the general rule that conviction includes a sentence, the court of appeals stated:

"[A]n analysis of the language of the forfeiture statute * * * supports the proposition that 'conviction' occurs at the time guilt is legally ascertained, and not at the point sentence is imposed. * * * [T]he statute provides that no forfeiture hearing may be held 'unless the person pleads guilty to or is convicted of the commission of * * * the offense.' R.C. 2933.43(C). Thus, the statutory language appears to equate a defendant's pleading guilty with a defendant's being convict-

ed, with either serving as the triggering event for the forfeiture hearing time limit." *Id.* at 562, 632 N.E.2d at 1353.

As it did in R.C. 2921.41(C) and 2933.43(C), the General Assembly included the phrase "convicted of or pleaded guilty to" in R.C. 2950.01(E). Applying the reasoning set forth by the Ohio Supreme Court in *Watkins* and the Auglaize County Court of Appeals in *In re Forfeiture*, this court finds that the plain language of R.C. 2950.01(E) equates a defendant's pleading guilty with a defendant's being convicted of a sexually oriented offense for purposes of adjudicating an offender a sexual predator. Accordingly, this court finds that the term "convicted," as used in R.C. 2950.01(E), refers only to a determination of guilt and does not include sentencing upon that determination.

Our interpretation is bolstered by a reading of R.C. 2950.09(B). R.C. 2950.01(B)(1) provides that, regardless of when the sexually oriented offense was committed, if a person is to be sentenced on or after the effective date of R.C. 2950.09, the trial court must conduct a hearing to determine whether the offender is a sexual predator. R.C. 2950.01(B)(1) also provides that the sexual predator hearing will be held prior to sentencing, although if the offense is a felony, the hearing may be conducted as part of the sentencing hearing. Further, pursuant to R.C. 2950.09(B)(3), the court shall state in its judgment of conviction whether the offender is or is not a sexual predator.

As R.C. 2950.09(B) demonstrates, the General Assembly intended that sexual predator hearings are to occur either before or concurrent with sentencing and before the judgment of conviction is entered. Because the sexual predator determination under R.C. 2950.09(B) is to be made either prior to or at the time of sentencing, the term "convicted" must be construed to mean only the determination of guilt, rather than the determination of guilt and the imposition of sentence.

Although the proceedings against defendant were conducted under the terms of R.C. 2950.09(C), which applies to convictions and guilty pleas which predate R.C. 2950.01 *et seq.*, this court concludes that the General Assembly intended no distinction to be made between R.C. 2950.09(B) and (C) regarding the meaning of the term "convicted" as used in R.C. 2950.01(E). R.C. 2950.01(E) provides the same definition of sexual predator for both types of proceedings, whether they be conducted under R.C. 2950.09(B) before sentencing, or whether they be conducted under R.C. 2950.09(C) while the offender remains in prison. We do not believe that the General Assembly intended that the term "convicted," as used in R.C. 2950.01(E), be given different meanings depending upon which subsection of R.C. 2950.09 is being employed.

Moreover, the conclusion reached today not only preserves the operation of R.C. 2950.09(B), but also furthers the General Assembly's interest in protecting

society. R.C. 2950.02. A person who is found guilty of committing a sexually oriented offense but is not sentenced on that offense due to the trial court's election to merge that offense with a nonsexually oriented offense for purposes of sentencing is no less a threat to the public safety than a person who is both found guilty of and sentenced on a sexually oriented offense.

Because defendant was found guilty and thus "convicted" of kidnapping "for the purpose of engaging in sexual activity," a sexually oriented offense pursuant to R.C. 2950.01(D)(3), defendant's first assignment of error is overruled.

■ As defendant's second and third assignments of error are interrelated, they will be addressed together. Initially, we note that both assignments of error contend that the trial court erred in applying R.C. 2950.09(B) to defendant. R.C. 2950.09(B) applies to a person who, regardless of when the sexually oriented offense was committed, is sentenced on or after January 1, 1997. At issue in the instant case is R.C. 2950.09(C), which applies to a person such as defendant who was found guilty of a sexually oriented offense prior to January 1, 1997 and remained incarcerated on or after January 1, 1997. Thus, defendant's assignments of error are inaccurately stated as applied to the facts of this case. However, the constitutional issues raised by defendant are easily discernible from his brief and will be addressed, notwithstanding the inaccurate characterization of the facts implied in the assignments of error.

. The state argues, and defendant concedes, that this court has already held that R.C. 2950.09(B) and (C) do not violate the *Ex Post Facto* Clause of Section 10, Article I of the United States Constitution, or the Retroactivity Clause of Section 28, Article II of the Ohio Constitution. *State v. Bartis* (Dec. 9, 1997), Franklin App. No. 97APA05–600, unreported, 1997 WL 771021; *State v. Chappell* (Feb. 24, 1998), Franklin App. No. 97APA04–543, unreported, 1998 WL 85888. Accordingly, for the reasons stated in *Bartis* and *Chappell,* defendant's second and third assignments of error are overruled.

■ By the fourth assignment of error, defendant contends that the trial court's determination that defendant is a sexual predator as defined in R.C. 2950.01(E) is contrary to the manifest weight of the evidence.

As previously noted, R.C. 2950.01(E) defines "sexual predator" as "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." Pursuant to R.C. 2950.09(C)(2), if "the department of rehabilitation and correction sends to a court a recommendation that an offender who has been convicted of or pleaded guilty to a sexually oriented offense be adjudicated as being a sexual predator, the court is not bound by the department's recommendation and the court may conduct a hearing to determine whether the offender is a

sexual predator. * * * [I]n making a determination under this division as to whether the offender is a sexual predator, the court shall consider all relevant factors, including, but not limited to, all of the factors specified in division (B)(2) of this section."

The factors set forth in R.C. 2950.09(B)(2) are:

"(a) The offender's age;

"(b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;

"(c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;

"(d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;

"(e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;

"(f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;

"(g) Any mental illness or mental disability of the offender;

"(h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;

"(i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;

"(j) Any additional behavioral characteristics that contribute to the offender's conduct."

■ Although the standard set forth in R.C. 2950.01(E) looks toward the defendant's propensity to engage in sexually oriented behavior in the future, a trier of fact may look at past behavior as well since past behavior is often an important indicator of future propensity. See *Kansas v. Hendricks* (1997), 521 U.S. 346, 357–359, 117 S.Ct. 2072, 2080, 138 L.Ed.2d 501, 512–513, quoting *Heller v. Doe* (1993), 509 U.S. 312, 323, 113 S.Ct. 2637, 2644, 125 L.Ed.2d 257, 272–273. Under R.C. 2950.09(B)(2), the trial court should consider "all relevant factors" in determining future propensity.

██ The state is required to establish an offender's future propensity by clear and convincing evidence. R.C. 2950.09(B)(3). "Clear and convincing evidence is that measure or degree of proof which will produce in the mind of the trier of facts a firm belief or conviction as to the allegations sought to be established. It is intermediate, being more than a mere preponderance, but not to the extent of such certainty as is required beyond a reasonable doubt in criminal cases. It does not mean clear and *unequivocal*." (Emphasis *sic*.) *Cross v. Ledford* (1954), 161 Ohio St. 469, 477, 53 O.O. 361, 364, 120 N.E.2d 118, 123.

Evidence presented at the hearing established that the victim and her boyfriend accompanied defendant, whom they had just met, to an after-hours bar. When the three left the bar, the boyfriend was confronted by a number of individuals who attacked him. The boyfriend eventually broke away from his attackers and ran for help.

In the meantime, the victim realized that her boyfriend was gone. Defendant told the victim that her boyfriend was safe and offered to take her to him. The victim drove defendant to a place suggested by defendant. At that time, defendant leaned over, turned off the ignition, and placed the keys on the dashboard. Defendant refused the victim's repeated requests to get out of her car.

When the victim tried to grab her keys, defendant hit her hand. He then grabbed her hair and began beating her in the face. Defendant tried to kiss her, then fondled her breasts and stroked her between her legs. At one point, defendant threatened to kill her.

The victim continued to struggle to get away by kicking open the car door. As she began to slide out of defendant's grasp, he grabbed her by the neck and began to strangle her. She finally managed to open the car door and escape. The following night, defendant was apprehended while driving the victim's car.

Other evidence offered at the hearing included the testimony of Karen Hiles, records supervisor at Ross Correctional Institution, who testified regarding defendant's prior convictions and history of incarceration.

Ellen Campbell, a psychology assistant at Ross Correctional Institution, testified that she reviewed defendant's inmate master file, interviewed defendant, and performed a psychological assessment of defendant in August 1997 on request of the parole board. Campbell testified that defendant "functions in the mildly mentally retarded range of intellectual ability," and has not participated in any sex offender counseling or any sex offender programs while incarcerated. She also stated that she reviewed investigatory reports contained in defendant's inmate master file for facts regarding defendant's 1983 arrest for kidnapping and rape. Campbell acknowledged that defendant had been acquitted of both

charges, but stated that the facts of that case took on greater significance in light of defendant's 1986 conviction and might tend to establish a pattern of sexually oriented behavior.

The trial court found by clear and convincing evidence that defendant is a sexual predator. In making its determination, the court reviewed, among other things, a February 1984 parole violation report that contained a summary of investigative reports regarding the 1983 rape and kidnapping charges for which defendant was acquitted. The summary indicated that defendant had been found standing over a partially clad woman who alleged that defendant followed her from an after-hours bar and raped her. The summary also indicated that defendant admitted that he and the woman had been drinking at the after-hours bar, but claimed that their sexual encounter was voluntary.

The trial court noted the similarities between the 1983 and 1986 incidents, particularly the fact that defendant managed to get women in an isolated location after they left after-hours bars in order to carry out his sexual designs. Although the crimes were not identical, they were similar enough for the court to find them "tremendously persuasive" in demonstrating a pattern of sexually oriented behavior.

Besides its reliance on the similarities between the 1983 and 1986 incidents in demonstrating a pattern of sexually oriented behavior, the trial court specifically referred to six of the ten factors listed in R.C. 2950.09(B)(2)(a) through (j). The court stated that it based its decision on (1) defendant's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses, R.C. 2950.09(B)(2)(b), (2) defendant's awareness that the victim had been drinking prior to his commission of the offense, R.C. 2950.09(B)(2)(e), (3) defendant's failure to participate in available programs for sexual offenders while incarcerated, R.C. 2950.09(B)(2)(f), (4) defendant's mental disability (mild mental retardation), R.C. 2950.09(B)(2)(g), (5) the nature of defendant's sexual conduct with the victim, R.C. 2950.09(B)(2)(h), and (6) defendant's threats to kill the victim, R.C. 2950.09(B)(2)(i).

Defendant contends that the trial court's reliance upon the facts underlying the 1983 rape and kidnapping indictment was inappropriate because defendant was acquitted of those charges.

■ Assuming, without deciding, that the trial court's reliance upon the facts underlying defendant's 1983 acquittal for rape and kidnapping was improper, we find any such reliance to be harmless, given that the record contains competent, credible evidence to support the trial court's reliance on six other factors listed in R.C. 2950.09(B)(2).

Based upon a thorough review of the record and consideration of all factors, including, but not limited to, the factors listed in R.C. 2950.09(B)(2)(a) through (j), we find that the trial court had sufficient evidence before it to satisfy the "clear and convincing" standard of proof required for its sexual predator finding. Accordingly, the fourth assignment of error is overruled.

Having overruled defendant's assignments of error, this court hereby affirms the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

DESHLER, P.J., concurs.

TYACK, J., dissents.

TYACK, Judge, dissenting.

Mr. Maye, through a unique set of events, was never convicted of a sexually oriented offense. A jury verdict of "guilty" does not constitute a conviction, especially where a state statute compels that an individual can only be convicted of one of two allied offenses of similar import. See R.C. 2941.25(A), which reads:

"Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one."

When the jury returned a verdict of guilty as to the both abduction and kidnapping, an election was made and Maye was convicted only of abduction. He cannot now nor any time in the future be convicted of any other offense. Abduction is not a sexually oriented offense.

Under the circumstances, we cannot do what the statute forbids, namely make Maye be convicted of kidnapping. The majority opinion goes to great lengths to do just that. I disagree with its reasoning and hence with its result. I, therefore, dissent.