On October 18, 1991, the Franklin County grand jury charged defendant, James Slade, with kidnapping, felonious assault, and rape. All three charges were the result of an altercation which occurred in February 1991, between the defendant and his former girlfriend, Tonya Brown.
Defendant, who was twenty-one years old at the time of the assault, is the biological father of Brown's daughter, Shay Brown. Although the defendant and Brown dated at one time, they had stopped seeing each other several months prior to February 1991.
On February 11, 1991, Brown, who was then sixteen years old, took her daughter to the defendant's home to visit with defendant's mother. Not long after she arrived, an argument began between Brown and defendant as the result of the defendant's belief that she was dating another man. The argument quickly progressed into a physical altercation, during which defendant severely beat Brown about the head and face. During the fight, Brown's shouting attracted the attention of the defendant's grandmother, who interrupted the fight when she attempted to open the defendant's bedroom door. According to Brown, the interruption caused the defendant to leave the room for a short period in order to calm his grandmother. While the defendant was out of the room, Brown attempted to place a call to 911 but was unable to do so before the defendant returned. Upon his return to the room, the fight briefly continued, but was then followed by a period during which defendant attempted to reconcile the differences between himself and Brown.
Not long after defendant stopped the assault, he engaged Brown in sexual intercourse. While defendant maintains that the intercourse was consensual, Brown maintains that it was not. Afterward, defendant kept Brown at his home for about an hour before he called for a taxi to take her home. While Brown remembers little of what occurred after she left the defendant's home, apparently the driver of the taxi recognized that she was severely injured and took Brown to Saint Anthony Hospital where she was treated for multiple lacerations, bruising about her head and face, a ruptured eardrum, as well as a dislocated jaw.
On June 15, 1992, defendant entered into a negotiated plea agreement whereby he pled guilty to the charge of felonious assault, and, upon the request of the prosecuting attorney, the trial court dismissed the charges of kidnapping and rape. On June 24, 1992, the trial court imposed a sentence of four to fifteen years and placed the defendant into the custody of the Ohio Department of Rehabilitation and Corrections.
In July 1998, the Franklin County Court of Common Pleas conducted a sexual predator hearing at the request of the department of corrections. In a decision rendered on November 27, 1998, the trial court adjudicated defendant a sexual predator pursuant to R.C. 2950, et seq. Defendant now appeals, raising the following two assignments of error:
 [1.] The trial court erred in adjudicating appellant to be a "sexual predator" when the record contains no evidence that Appellant has been convicted of a "sexually oriented offense" as defined by R.C. 2950.01(D).
 [2.] The trial court's decision finding Appellant to be a "sexual predator" as defined by 2950.01(E) is contrary to the weight of the evidence.
R.C. 2950.01(E) defines a "sexual predator" as "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." R.C. 2950.01(D) defines a "sexually oriented offense" as any one of the following offenses:
 (1) Regardless of the age of the victim of the offense, a violation of section 2907.02 [rape], 2907.03 [sexual battery], or 2907.05 of the Revised Code [gross sexual imposition].
 (2) Any of the following offenses involving a minor, in the circumstances specified:
 (a) A violation of section 2905.01, 2905.02, 2905.03, 2905.04, 2905.05, or 2907.04 of the Revised Code when the victim of the offense is under eighteen years of age;
 (b) A violation of section 2907.21 of the Revised Code when the person who is compelled, induced, procured, encouraged, solicited, requested, or facilitated to engage in, paid or agreed to be paid for, or allowed to engage in the sexual activity in question is under eighteen years of age;
 (c) A violation of division (A)(1) or (3) of section 2907.321 [2907.32.1] or 2907.322 [2907.32.2] of the Revised Code;
 (d) A violation of division (A)(1) or (2) of section 2907.323 [2907.32.3] of the Revised Code;
 (e) A violation of division (B)(5) of section 2919.22 of the Revised Code when the child who is involved in the offense is under eighteen years of age.
 (3) Regardless of the age of the victim of the offense, a violation of section 2903.01 [felonious assault], 2903.02, 2903.11, or 2905.01 of the Revised Code, [kidnapping] or of division (A) of section 2903.04 of the Revised Code, that is committed with a purpose to gratify the sexual needs or desires of the offender;
(4) A sexually violent offense;
 (5) A violation of any former law of this state that was substantially equivalent to any offense listed in division (D)(1), (2), (3), or (4) of this section;
 (6) A violation of an existing or former municipal ordinance or law of another state or the United States, a violation under the law applicable in a military court, or a violation under the law applicable in an Indian tribal court that is or was substantially equivalent to any offense listed in division (D)(1), (2), (3), or (4) of this section;
 (7) An attempt to commit, conspiracy to commit, or complicity in committing any offense listed in division (D)(1), (2), (3), (4), (5), or (6) of this section.
In his first assignment of error, defendant argues that the trial court erred when it found that the defendant's conviction for felonious assault qualifies as a "sexually oriented offense" pursuant to R.C. 2950.01(D)(3). Felonious assault constitutes a sexually oriented offense when the assault is committed with a purpose to gratify the sexual desires of the offender.
In this case, the trial court made the following findings:
 Reviewing the testimony and exhibits in light of the factors noted in R.C. 2950.09(B) the following was revealed: at the time of the offense Defendant was 21 and [the] victim 16 years of age. The two had been involved in a relationship, but Ms. Brown had ended it. On the date of the offense Ms. Brown went to Defendant's home with her infant child to facilitate a visit. An argument ensued which resulted in Ms. Brown suffering injuries to her face. In order to appease Defendant and "to make him comfortable with her leaving" Ms. Brown did not resist Defendant's sexual advances and ultimately sexual intercourse.
 Defendant plead [sic] guilty to one count of felonious assault, in exchange the state entered a nolle prosequi to one count of rape.
 Other exhibits reflect that as a juvenile Defendant was adjudicated on a charge of sexual imposition. That charge arose out of Defendant entering a neighbor's home by cutting a screen to a window, entering the bedroom of the 12 year old neighbor, cutting the crotch of her pajamas and attempting to engage in sexual intercourse the attempt was interrupted when the victim screamed. Further, exhibits reflect that Defendant was not accepted into a sex offender program due to his denial of any wrong doing.
* * *
 While Defendant here did not plead guilty to the charge of rape, it was evident from the testimony of Ms. Brown and the Defendant that the felonious assault was part and parcel of the sexual conduct in that it (the felonious assault) facilitated and enabled the sexual act to occur. This is bolstered by Ms. Brown's testimony that she was "terrified" and she wanted to do what would make Defendant comfortable so she could leave. It was quite evident that the sixteen year old did not want to do anything which might further agitate the Defendant.
* * *
 Having found the Defendant to have committed a sexually oriented offense and based upon the relevant statutory factors and evidence presented at the hearing, the Court finds there is clear and convincing evidence to find Defendant to be a sexual predator. [11/27/98 Decision, at 1-3.]
Our review of the record leads us to the same conclusion. As noted by the trial court, felonious assault is a "sexually oriented offense" when the assault was committed with a purpose to gratify the sexual desires of the offender. R.C.2950.01(D)(3). Whether or not an assault is classified as one which was committed with a purpose to gratify the sexual desires of the offender is a question of fact which rests upon the unique facts and circumstances of each offense.
In this case, defendant argues that his assault of Ms. Brown was not related to his sexual desires, and that the assault was not committed in any attempt to gratify those desires. Like the trial court, we disagree with the defendant's contention.
There is some indication in the record that the defendant enticed Brown to come to his home under false pretenses; namely, defendant invited Brown to come to visit with his mother, who was not home at the time. In any event, once Brown arrived, it was clear that defendant was solely concerned with sexual matters, and particularly with whether Brown was dating other men. On more that one occasion, defendant stated that he would not allow Brown to date or to sleep with other men. Indeed, defendant's attack began when defendant asked Brown whether she still cared for him. When Brown answered in a way which displeased the defendant, defendant beat Brown inflicting serious injury. As noted, the assault was interrupted by the defendant's grandmother causing defendant to leave the room. However, defendant returned and again confronted Brown about never dating anyone but himself. This was followed by an initial rebuffed request for sexual intercourse by defendant. While Brown refused at first, she later yielded to the defendant's demand when defendant continued to beat her. In Brown's words:
 * * * [A]t the time I was thinking that I was going to do whatever he said to make everything comfortable for him. I was terrified. * * * [Tr. at 9.]
Based upon the foregoing, we believe the trial court was correct in finding that the assault was committed in order to dominate and/or control Brown's sexual behavior, and that it was, in fact, committed with a purpose to gratify the defendant's sexual desires. Accordingly, the trial court did not err when it found that defendant had committed a "sexually oriented offense." Defendant's first assignment of error is, therefore, overruled.
Having determined that defendant committed a sexually oriented offense pursuant to R.C. 2950.01(D)(3), we proceed to examine the record for evidence supporting the trial court's determination that defendant is a sexual predator.
In making a determination that an offender is a sexual predator, the trial court considers all relevant factors, including, but not limited to, all of the factors set forth in R.C. 2950.09(B)(2). Those factors are:
(a) The offender's age;
 (b) The offender's prior criminal record regarding all offenses, including but no limited to, all sexual offenses;
 (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 (d) Whether the sexually oriented offense for which sentence is to be imposed included multiple victims;
 (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 (g) Any mental illness or mental disability of the offender;
 (h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 (i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty; [and]
 (j) Any additional behavioral characteristics that contribute to the offender's conduct.
As this court noted in State v. Maye (1998), 129 Ohio App.3d 165, although R.C. 2950.01(E) is designed to determine an individual's propensity to engage in inappropriate sexually oriented behavior in the future, an important part of making such a determination requires an analysis of past behavior. Id. at 173, citing Kansas v. Hendricks (1997), 521 U.S. 346,117 S.Ct. 2072. We also noted that under R.C. 2950.09(B)(2), a trial court should consider "all relevant factors" when determining an individual's future propensity to offend. Id.
Taken in order, the factors to be considered pursuant to R.C. 2950.09(B)(2), reveal the following.
At the time of this offense, defendant was twenty-one years old and was an adult member of society. R.C.2950.09(B)(2)(a). Prior to this assault, defendant had significant contact with the criminal justice system. R.C.2950.09(B)(2)(b). At the age of thirteen, defendant was charged with attempted rape and aggravated burglary. As noted by the trial court, those charges, which were ultimately reduced to sexual imposition and criminal trespass, were brought after defendant cut through the screen of a neighbor's window, entered the residence, and then proceeded to cut the pants off of a young girl's pajamas. This was followed by an attempt by the defendant to engage in sexual intercourse. As a result of this incident, defendant was committed to the Franklin Village as an incorrigible minor. However, defendant's conduct and behavior while at the facility was poor, and in 1986, defendant was removed from the facility as a result of abusive and disorderly behavior.
In 1985, defendant was convicted of disorderly conduct and sentenced to six months' probation. Thereafter, in 1988, defendant was arrested and charged with receiving stolen property when he was apprehended operating a stolen vehicle. Defendant was placed on probation, which was later revoked.
In 1989, at the age of nineteen, defendant was again convicted of receiving stolen property, and was sentenced to thirty days in the Franklin County Correctional Center. In 1991, at the age of twenty, defendant was convicted of felony drug abuse and served a six-month sentence in the Ross County Jail. Shortly thereafter, defendant was charged with escape from the Ross County Jail and was reincarcerated on additional criminal charges.
In October 1991, defendant was convicted of assaulting a police officer while resisting arrest following a traffic stop for inoperable headlights. Defendant served sixty days in the Franklin County Correctional Center. Finally, at the time of the sexual predator hearing, defendant had pending charges of domestic violence and assault as a result of a previous incident where defendant assaulted Brown. Pursuant to R.C. 2950.09(B)(2)(b), all of these offenses are relevant to determining future propensity.
As set forth in R.C. 2950.09(B)(2)(c), the court is to consider the age of the victim of the sexually oriented offense for which sentence is to be imposed. As noted, this offense was perpetrated upon a minor, who at the time of the offense was only sixteen years of age.
Pursuant to R.C. 2950.09(B)(2)(d) and (B)(2)(e), there is no indication that this offense involved either multiple victims, or that drugs or alcohol were used in the commission of the offense.
As set forth above, defendant pled guilty to, and has been convicted of, several criminal offenses. Although defendant was repeatedly granted probation, on more than one occasion defendant's probation was revoked as a result of his refusal to abide by the terms and conditions of release. Indeed, defendant fled the custody of Ross County authorities, only to be charged with escape and reincarcerated. Additionally, defendant exhibited clearly unacceptable and abnormal sexual behavior at a very young age and has refused to participate in available programs for sexual offenders. R.C. 2950.09(B)(2)(f).
From the record, we are unable to determine whether the defendant suffers from any mental illness or disability. R.C.2950.09(B)(2)(g). However, the record does indicate that this has not been the first time that the defendant has been charged with assaulting Tonya Brown. R.C. 2950.09(B)(2)(h). Additionally, we believe that the defendant's threats that Brown would not be able to enter into another dating relationship and his threats to kill Brown and to take away and/or harm their infant child displayed cruelty. R.C. 2950.09(B)(2)(i).
After reviewing the evidence presented, we believe there to be clear and convincing evidence that defendant's conviction for felonious assault constituted a sexually oriented offense. R.C. 2950.09(B)(3). Accordingly, defendant's second assignment of error is also overruled.
Having overruled both of defendant's assignments of error, we hereby affirm the judgment of the Franklin County Court of Common Pleas.
Judgment affirmed.
BRYANT, J., concurs.
TYACK, J., dissents.