I respectfully dissent. "Conviction" as used in R.C. 2933.43(C) refers only to a determination of guilt and does not include sentencing upon that determination. Therefore, because the forfeiture hearing was held more than the proscribed forty-five days after Danisek's conviction, the trial court erred in not dismissing the state's forfeiture petition.
The majority holds that the word "conviction," as used in R.C.2933.43(C), is interpreted to have the same meaning as "judgment of conviction," as defined in Crim.R. 32(C), which reads, "[a] judgment of conviction shall set forth the plea, the verdict or findings, and the sentence." The majority also relies on State v. Henderson (1979),58 Ohio St.2d 171, wherein the Supreme Court of Ohio held that the term "conviction" includes both the finding of guilt and the imposition of sentence. Additionally, the majority cites this Court's decision in Statev. Moss (July 26, 2000), Lorain App. No. 99CA007304, unreported, which I authored, for the proposition that "`a court speaks through its journals and an entry is effective only when it has been journalized.'" Applying these definitions, the majority holds that "`conviction' as used in R.C.2933.43(C) occurs at the time [a] Defendant's sentence is journalized.'"
Normally the term "conviction" does include both the finding of guilt and the sentence imposed. However, the Supreme Court of Ohio has not applied the restricted definition set forth in Crim.R. 32(C) and imputedHenderson to every statute in which the term "convicted" appears. In fact, the Supreme Court of Ohio explained such in State ex rel. Watkinsv. Firoenzo (1994), 71 Ohio St.3d 259, 260:
 Henderson recognizes that the term "conviction" normally includes both the finding of guilt and the sentence. State v. Carter (1992), 64 Ohio St.3d 218, 222, 594 N.E.2d 595, 599; State v. Poindexter (1988), 36 Ohio St.3d 1, 5, 520 N.E.2d 568, 572; cf. State v. Cash (1988), 40 Ohio St.3d 116, 532 N.E.2d 111, syllabus. However, the language of R.C. 2921.41(C)(1) specifies permanent disqualification from, inter alia, any public office in this state if the public official is either "convicted of or pleads guilty to, theft in office." (Emphasis added.) Unlike in R.C. 2913.02(B), the General Assembly placed "convicted" on equal footing with a guilty plea in R.C. 2921.41(C)(1).
 Thus, the plain language of R.C. 2921.41(C)(1) requires only a plea of guilty to invoke the sanction of permanent disqualification. Therefore, we believe the word "convicted" as used in R.C. 2921.41(C)(1) logically refers only to a determination of guilt and does not include sentencing upon that determination. The Court of Appeals for Auglaize County in In re Forfeiture of One 1986 Buick Somerset Auto. (1993), 91 Ohio App.3d 558, 562-563, 632 N.E.2d 1351, 1353-1354, reached a similar conclusion in construing the phrase "pleads guilty to or is convicted" of R.C. 2933.43(C).
(Bold emphasis added.).
In analyzing the precise issue presently before this Court, both the Third and Fourth Appellate Districts found that "conviction" as used in R.C. 2933.43(C), means only a determination of guilt and does not include sentencing upon that determination, and that the time for forfeiture begins to run on the date of such determination. See In re Forfeiture ofOne 1986 Buick Somerset Auto. (1993), 91 Ohio App.3d 558; State v. Lowry
(Apr. 6, 1995), Ross App. No. 94CA2061, unreported.
Rejecting the argument that "conviction" under R.C. 2933.43(C) should be construed in accordance with the former Crim.R. 32(B), now Crim.R. 32(C), the Third Appellate District reasoned:
 Finally, an analysis of the language of the forfeiture statute also supports the proposition that "conviction" occurs at the time guilt is legally ascertained, and not at the point sentence is imposed. First of all, the statute provides that no forfeiture hearing may be held "unless the person pleads guilty to or is convicted of the commission of * * * the offense." R.C. 2933.43(C). Thus, the statutory language appears to equate a defendant's pleading guilty with a defendant's being convicted, with either serving as the triggering event for the forfeiture hearing time limit. Second, the R.C. 2933.43(C) language applicable to cases involving administrative violations provides that a forfeiture hearing may not be held "unless the person admits or is adjudicated to have committed the administrative violation." To the extent that an administrative proceeding can be compared with a criminal case, an "adjudication of commission" in the administrative context seems more analogous to the determination of guilt in the criminal context, as opposed to the sentencing phase.
 Upon careful consideration of all of the foregoing factors, we conclude that, for purposes of R.C. 2933.43(C), "conviction" occurs at the time a defendant is found guilty of the offense charged.
In re Forfeiture of One 1986 Buick, supra, at 562-563. Accord Lowry, supra.
The Third District also correctly noted that the Supreme Court of Ohio referred to "conviction" under R.C. 2933.43(C), as the determination of guilt excluding the sentence:
 Moreover, in State v. Casalicchio (1991), 58 Ohio St.3d 178, the Supreme Court reviewed the contraband forfeiture statutes which are at issue here. In that case, the defendant pled no contest to the underlying criminal charges and was found guilty on October 22, 1987, the entry finding the defendant guilty was filed on October 29, 1987, and the defendant was sentenced on November 20, 1987. Although the issue of what constitutes a "conviction" under the statute was not specifically before the court in that case, Justice Douglas notes in his concurring opinion that "the defendant here was convicted on October 29, 1987." (Emphasis sic.) Id. at 183. Furthermore, in her concurring and dissenting opinion in the same case, Justice Resnick notes that the forfeiture petition filed on November 23, 1987 was filed "thirty-two days after conviction and three days after sentencing." Id. at 188.
 In re Forfeiture of One 1986 Buick, supra, at 562. Furthermore, scrutiny of the Casalicchio majority opinion reveals that the majority also recognized that "conviction," for purposes of R.C. 2933.43(C), excludes the sentence for the underlying felony. The Supreme Court of Ohio noted that "[f]orfeiture of R.C. 2933.42(B) contraband pursuant to R.C. 2933.43, * * * requires a conviction for a felony prior to forfeiture[.]" Casalicchio, supra, at 182. The Court held that "[w]here property is ruled contraband pursuant to R.C. 2933.42(B), forfeiture of that property pursuant to R.C. 2933.43 constitutes a separate criminal penalty in addition to the penalty the defendant faces for conviction of the underlying felony." Casalicchio, supra, syllabus. The Court then found that "[b]ecause the forfeiture of Casalicchio's automobile is an additional criminal penalty that the state failed to seek prior to sentencing, the forfeiture violate[d] [the Double Jeopardy Clauses of] both the Ohio and the federal Constitutions." (Emphasis sic.) Id. at 183. Therefore, the Supreme Court of Ohio recognized that a forfeiture brought under R.C. 2933.43 can only follow a felony conviction, and that the state must petition a court for such forfeiture prior to imposition of the penalty — the sentence — for the conviction of the underlying felony.
For the foregoing reasons, I would reverse the decision of the lower court.