OPINION
Appellant Anthony Roberson appeals the decision of the Stark County Court of Common Pleas which granted forfeiture of $6,901. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE CASE
On December 1, 1999, appellant was arrested and charged with possession of cocaine. The Stark County Grand Jury indicted appellant for possession of cocaine on December 10, 1999. On December 20, 1999, appellee filed a complaint for forfeiture, pursuant to R.C. 2933.43, seeking forfeiture of $6,901 and a 1991 Ford Explorer. Appellant filed an answer to the complaint for forfeiture on December 22, 1999.
On April 14, 2000, appellant's criminal trial commenced. On this same date, the jury returned a verdict finding appellant guilty of the charged offense. Thereafter, pursuant to a stipulated agreement filed on June 8, 2000, the trial court ordered forfeiture of the $6,901, but ordered the 1991 Ford Explorer returned to appellant.
Appellant filed a motion to vacate the stipulated judgment entry on February 23, 2001, on the basis that the trial court's judgment was voidab initio. The trial court overruled appellant's motion on February 28, 2001. Appellant timely filed a notice of appeal and sets forth the following assignment of error for our consideration:
 I. THE TRIAL COURT ERRED IN ITS DENIAL OF DEFENDANT-APPELLANT'S PRO SE MOTION TO VACATE FORFEITURE ORDER AS VOID ORDER AB INITIO AS SAID COURT IMPROPERLY ASSUMED SUBJECT-MATTER (SIC) JURISDICTION AFTER THE STATUTORY PERIOD OF LIMITATIONS (SIC)
This case comes to us on the accelerated calender. App. R. 11.1, which governs accelerated calender cases, provides, in pertinent part:
(E) Determination and judgment on appeal.
 The appeal will be determined as provided by App. R. 11.1. It shall be sufficient compliance with App. R. 12(A) for the statement of the reason for the court's decision as to each error to be in brief and conclusionary form.
 The decision may be by judgment entry in which case it will not be published in any form.
This appeal shall be considered in accordance with the aforementioned rule.
 I
Appellant contends, in his sole assignment of error, the trial court erred when it denied his motion to vacate the forfeiture order because the trial court lacked jurisdiction to order forfeiture of the $6,901. We disagree.
Appellant cites to R.C. 2933.43(C) and maintains that the trial court failed to comply with the hearing requirement. This statute provides, in pertinent part:
 * * * If the property seized was determined by the seizing law enforcement officer to be contraband because of its relationship to an underlying criminal offense * * *, no forfeiture hearing shall be held under this section unless the person pleads guilty to or is convicted of the commission of, * * * the offense or a different offense arising out of the same facts and circumstances * * *; a forfeiture hearing shall be held in a case of that nature no later than forty-five days after the conviction * * *, unless the time for the hearing is extended by the court for good cause shown. * * *
In support of his sole assignment of error, appellant cites to the case of Dept. of Liquor Control v. Sons of Italy Lodge 0917 (1992),65 Ohio St.3d 532, in which the Ohio Supreme Court held that "[t]he language of former R.C. 2933.43(C) is mandatory; it requires strict compliance with the notice and publication provisions contained therein."Id. at syllabus. The Supreme Court explained:
 [f]orfeitures are not favored by the law. The law requires that we favor individual property rights when interpreting forfeiture statutes. To that end, `statutes imposing restrictions upon the use of private property, in derogation of private property rights, must be strictly construed.' Id. at 534, citing State v. Lilliock (1982), 70 Ohio St.2d 23, 26.
The record indicates the jury found appellant guilty on April 14, 2000.[1] The record does not indicate appellee requested an extension of time for the hearing, which is permitted under R.C. 2933.43(C). Thus, under R.C. 2933.43(C), the trial court had to conduct the forfeiture hearing on or before May 29, 2000. The parties did not enter into the stipulated judgment entry until fifty-five days after the jury rendered its verdict.
Although the trial court failed to strictly comply with the mandatory requirements of R.C. 2933.42(C),[2] we find it had properly acquired subject matter jurisdiction before it accepted and filed the stipulated judgment entry. The fact the trial court did not timely exercise that jurisdiction renders its judgment subject to attack on direct appeal. Appellant, having failed to timely object to the trial court exercising its jurisdiction and instead choosing to enter into the stipulated agreement, has waived any claim of error arising from the failure to strictly comply with the 45 day time limit.
Appellant's sole assignment of error is overruled.
The judgment of the Court of Common Pleas, Stark County, Ohio, is affirmed.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed. Costs assessed to appellant.
 ______________________________ By: Hoffman, P.J.
Farmer, J., concur.
Wise, J., dissents.
[1] The forty-five day period under R.C. 2933.43(C) runs from the date defendant is found guilty of the charge, not from the date sentence is imposed. In re: Forfeiture of One 1986 Buick Somerset Auto. (1993),91 Ohio App.3d 558.
[2] Although the Sons of Italy Lodge 0917 case only addresses strict compliance as it pertains to the notice and publication provisions of R.C. 2933.43(C), we find it logical to extend the Court's reasoning to the hearing requirement also addressed in that same section of the statute.