OPINION
Defendant-appellant Eugene Ball [hereinafter appellant] appeals the March 30, 2001, decision of the Stark County Court of Common Pleas that classified him as a sexual predator.
 STATEMENT OF THE FACTS AND CASE
In 1995, the Stark County Grand Jury indicted appellant on two counts of statutory rape, with force specifications, in violation of R.C. 2907.02, one count of gross sexual imposition, in violation of R.C. 2907.05[1], and one count of statutory felonious sexual penetration, with a force specification, in violation of R.C. 2907.12. The charges arose from the sexual abuse of appellant's stepdaughter when she was from nine through ten years of age. The offenses occurred over a two-year period.
On August 25, 1995, appellant pled guilty to the charges in an amended indictment. The amended indictment included the same charges as in the original indictment but did not include the force specifications. The trial court sentenced appellant to a prison term of ten to twenty-five years on each of the two rape charges and the single felonious sexual penetration charge. Appellant was sentenced to a determinate term of two years imprisonment on the gross sexual imposition charge. The trial court ordered that the sentences be served concurrently.
The trial court conducted a sexual offender classification hearing, pursuant to R.C. 2950.09, on March 28, 2001. Prior to the hearing, appellant filed motions to dismiss the R.C. 2950.09 proceeding on constitutional grounds.[2] The trial court overruled these motions.
By Judgment Entry filed on March 30, 2001, the trial court classified appellant as a sexual predator, pursuant to R.C. 2950.09. It is from the March 30, 2001, Judgment Entry that appellant appeals, raising the following assignments of error:
 THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S MOTION TO DISMISS THE HOUSE BILL 180 (HEREINAFTER H.B. 180) PROCEEDINGS AGAINST HIM ON EX POST FACTO GROUNDS.
 THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S MOTION TO DISMISS THE H.B. 180 PROCEEDINGS AGAINST HIM ON DOUBLE JEOPARDY GROUNDS.
 THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S MOTION TO DISMISS BECAUSE H.B. 180 IS UNCONSTITUTIONALLY VAGUE.
 THE TRIAL COURT ERRED IN CLASSIFYING APPELLANT AS A PREDATOR WITHOUT A RECORD OF CLEAR AND CONVINCING EVIDENCE TO SUPPORT THE FINDING.
 I
In the first assignment of error, appellant contends that Ohio's Sex Offender Registration Act, R.C. 2950.01 through 2950.99 [hereinafter H.B. 180], permits ex post facto application of a punitive statute. We disagree.
Previously, in State v. Cook, the Ohio Supreme Court found that H.B. 180 does not violate the Ex Post Facto Clause.[3] State v. Cook
(1998), 83 Ohio St.3d 404; Reaffirmed in, State v. Williams (2000),88 Ohio St.3d 513, 516. However, appellant argues that Cook can be distinguished from the case sub judice in that the defendant in Cook was sentenced after H.B. 180 took effect and appellant, in this case, was sentenced before the law took effect. We are unpersuaded. This court has previously determined that the reasoning in Cook is applicable in situations where the appellant was sentenced prior to the effective date of the law. State v. Everly (Dec. 20, 1999), Stark App. No. 1999CA00125, unreported, 2000 WL 1637; State v. Burns (Jul. 17, 2000), Stark App. No. 1999CA00375, unreported. H.B. 180, as applied to appellant, does not violate the Ex Post Facto Clause of the United States Constitution.
Appellant's first assignment of error is overruled.
 II
In the second assignment of error, appellant argues that H.B. 180 violates the double jeopardy clause of the Fifth Amendment to the United States Constitution and Article I, Section 10 of the Ohio Constitution.[4] The Ohio Supreme Court has decided this issue also.
State v. Williams (2000), 88 Ohio St.3d 513, 528, the Court found the following:
 Double Jeopardy Clause states that no person shall "be suject for the same offense to be twice put in jeopardy of life or limb." Fifth Amendment to the United States Constitution; See, also, Section 10, Article I, Ohio Constitution. Although the Double Jeopardy Clause was commonly understood to prevent a second prosecution for the same offense, the United States Supreme Court has applied the clause to prevent a state from punishing twice, or from attempting a second time to criminally punish for the same offense. See Kansas v. Hendricks, 521 U.S. at 369, 117 S.Ct. at 2085, 138 L.Ed.2d at 519; Witte v. United States (1995), 515 U.S. 389, 396, 115 S.Ct. 2199, 2204, 132 L.Ed.2d 351, 361. The threshold question in a double jeopardy analysis, therefore, is whether the government's conduct involves criminal punishment. Hudson v. United States (1997), 522 U.S. 93, 101, 118 S.Ct. 488, 494, 139 L.Ed.2d 450, 460.
 This court, in Cook, addressed whether R.C. Chapter 2950 is a "criminal" statute, and whether the registration and notification provisions involved "punishment." Because Cook held that R.C. Chapter 2950 is neither "criminal," nor a statute that inflicts punishment, R.C. Chapter 2950 does not violate the Double Jeopardy Clauses of the United States and Ohio Constitutions. We dispose of the defendants' argument here with the holding and rationale stated in Cook.
Pursuant to State v. Williams, supra, and State v. Cook,83 Ohio St.3d 404, appellant's second assignment of error is overruled.
 III
In the third assignment of error, appellant argues that H.B. 180, as codified in R.C. Chapter 2950, is unconstitutionally vague. Appellant's assignment is overruled on the authority of State v. Williams (2000),88 Ohio St.3d 513, 528. In Williams, the Ohio Supreme Court found that R.C. Chapter 2950 is not void for vagueness. The Court found that the statute sets forth "sufficient specific guidelines to prevent arbitrary and discriminatory enforcement" and "provides an adequate standard upon which to make a sexual predator determination." Id. at 532. Further, the Court noted that even if the terms of R.C. 2950.09 are worded broadly, a certain level of broadness in the language allows for individualized assessment rather than an across-the-board rule. Id. This allows for fact-specific determinations. Id. Based upon the authority of State v.Williams, supra, appellant's third assignment of error is overruled.
 IV
In his fourth and final assignment of error, appellant contends that the trial court's classification of him as a sexual predator, as defined in R.C. 2950.01(E), was not supported by clear and convincing evidence. We disagree.
Revised Code 2950.01(E) defines a "sexual predator" as "a person who has been convicted of or plead guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." There is no question that appellant was convicted of sexually oriented offenses under R.C. 2950.01(D). Appellant contends that the State only proved that appellant was convicted of a sexually oriented offense. Appellant asserts that there was no evidence that appellant was likely to re-offend.
However, a trial court may look to past behavior to determine whether a person is likely to re-offend in the future. State v. Maye (1998),129 Ohio App.3d 165, 173. "[P]ast behavior is often an important indicator of future propensity." Id. Revised Code 2950.09(B)(2) provides factors that a trial court is to consider in determining whether an offender should be classified as a sexual predator. See R.C.2950.09(C)(2)(b). Many of these factors consider appellant's past behavior to determine whether an offender is likely to re-offend. Those factors are:
(a) The offender's age;
 (b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 (d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
(g) Any mental illness or mental disability of the offender;
 (h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 (i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 (j) Any additional behavior characteristics that contribute to the offender's conduct.
A trial court shall determine an offender to be a sexual predator only if the evidence presented convinces the trial court by clear and convincing evidence. R.C. 2950.09(C)(2)(b). We review appellant's assignment of error under the manifest weight of the evidence standard set forth in C.E. Morris Co. v. Foley Construction (1978),54 Ohio St.2d 279. See e.g. State V. Elbert (March 20, 2000), Stark App. No. 1999CA00193, unreported, 2000 WL 329899. Accordingly, judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence.
The following evidence was adduced at trial: Appellant was thirty-seven to thirty-nine years of age at the time of the offenses. The victim was nine through ten years of age. The victim was appellant's stepdaughter. The conduct progressed over a two-year period from fondling to sexual intercourse and digital penetration of the victim's vagina. Appellant threatened the victim and her brother (who witnessed the appellant having intercourse with the victim) with a knife. While holding the knife, appellant told the children that if they told anyone of the abuse, he would kill them with a knife. Lastly, appellant's prison records showed that appellant had not received any counseling or participated in any programs for sexual offenders.
Based on the foregoing, we find that there was competent, credible evidence to support classifying appellant as a sexual predator. The trial court's finding is not against the manifest weight of the evidence. In addition, there was evidence presented at the hearing showing that there were other children victimized by appellant. The Detective who investigated appellant's abuse of appellant's stepdaughter testified at the hearing. The Detective stated that he was aware of four other children whom appellant reportedly sexually abused. While there was no evidence that appellant was convicted of these alleged offenses, such evidence may be considered at a sex offender classification hearing if the evidence meets the "reliable hearsay" standard. State v. Leyman
(Dec. 31, 2001), Stark App. No. 2001CA00175, unreported, 2001 WL1673600 (citing State v. Reed (May 16, 2001), Jefferson App. No. 00JE22, unreported; State v. Burgess (July 10, 2000), Fayette App. No. CA99 08 021, unreported.) On appeal, appellant does not present any argument that this testimony was not "reliable hearsay." This evidence provided further support to the trial court's classification of appellant as a sexual predator.
Appellant's fourth assignment of error is overruled.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Stark County Court of Common Pleas is affirmed.
Costs to appellant.
Hon. Sheila Farmer, P.J., Hon. Julie Edwards, J., Hon. John Boggins, J., concur.
[1] The gross sexual imposition count was charged in the alternative: sexual contact via force or threat of force and sexual contact with a child under the age of thirteen.
[2] Appellant's motions to dismiss raised double jeopardy, ex post facto, vagueness and due process issues.
[3] "No . . . ex post facto Law shall be passed." Article 9, Section I, United States Constitution.
[4] "No person shall be . . . subject for the same offense to be twice put in jeopardy of life or limb. . . ." Amendment V, United States Constitution.
"No person shall be twice put in jeopardy for the same offense." Article I, Section 10, Ohio Constitution, in pertinent part.